OPINION *Page 2 
{¶ 1} On September 14, 2007, the Stark County Grand Jury indicted appellant, Jamel Anthony Smith, on two counts of possession of cocaine in violation of R.C. 2925.11. Said charge arose from a stop of his vehicle.
 {¶ 2} On October 1, 2007, appellant filed a motion to suppress, claiming an illegal stop and search. A hearing was held on October 16, 2007. By judgment entry filed November 7, 2007, the trial court denied the motion.
 {¶ 3} A jury trial commenced on January 3, 2008. The jury found appellant guilty as charged. By judgment entry filed January 11, 2008, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 II {¶ 6} "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 III {¶ 7} "THE TRIAL COURT ERRED IN ADMITTING EVIDENCE WHICH WAS UNFAIRLY PREJUDICIAL." *Page 3 
 IV {¶ 8} "THE APPELLANT WAS DEPRIVED OF DUE PROCESS OF BY THE MISCONDUCT OF THE PROSECUTOR."
 V {¶ 9} "THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."
 I {¶ 10} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's *Page 4 
conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 12} Appellant argues the trial court erred in finding the stop of his vehicle was an investigative stop. We have reviewed this exact issue relative to the stop and search of the vehicle in the co-defendant's case, State v. Nathaniel Walker, Stark App. No. 2007CA00350,2008-Ohio-3782. We note appellant gave Canton City Police Officer Mark Diels permission to search the vehicle. October 16, 2007 T. at 13. InWalker at ¶ 13, 14 and 23, this court held the following, respectively:
 {¶ 13} "Canton City Police Officer Mark Diels testified he observed a vehicle stopped in the middle of the roadway obstructing the flow of traffic. T. at 10-11, 21-22. Several individuals were standing on both sides of the vehicle. T. at 9. When his cruiser approached the vehicle, the people scattered and the `vehicle immediately took off.' T. at 10. The vehicle first signaled left, then the signal went off, and the vehicle went to another intersection and turned left. Id. The vehicle then turned left again. T. at 10-11. The area was a high drug area, and it was 3:44 a.m.
 {¶ 14} "Officer Diels stopped the vehicle. Upon approaching the vehicle, he recognized the driver, Jamal Anthony Smith, as someone he had stopped approximately four to five years prior and Mr. Smith had fled from him. T. at 12. Because of this fact, he had Mr. Anthony [Smith] exit the vehicle and he was placed in the police cruiser. T. at 13. Commensurate with these facts, Officer Diels noted the *Page 5 
passenger, appellant herein, was moving around inside the vehicle in an attempt to conceal something. T. at 12. Officer Diels asked Mr. Smith if he could search his vehicle, and Mr. Smith consented. T. at 13. Because of appellant's furtive movements, Officer Diels and Officer Thomas Hastings asked appellant to exit the vehicle. T. at 15.
 {¶ 15} "The actions involving the vehicle in this case taken individually may not rise to the level of reasonable suspicion. However, when the time of night is way past the time for neighborly discourse in the street, the area is known as a high drug area, the actions of the individuals standing outside the vehicle were consistent with drug buys, the flight of the individuals and the vehicle upon the approach of the police cruiser, coupled with a de minimus traffic offense, we find there existed reasonable articulable facts to stop the vehicle. Once stopped, the officers' knowledge and the observations of furtive movements by appellant pass muster for the search of the vehicle, which in fact permission for the search had been granted by Mr. Smith."
 {¶ 16} Based upon our decision in the Walker case, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims his conviction was against the sufficiency and manifest weight of evidence. We disagree.
 {¶ 19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have *Page 6 
found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 20} Appellant was convicted of two counts of possession of cocaine in violation of R.C. 2925.11 which states, "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 21} Appellant argues the evidence failed to establish that he had physical possession of the cocaine. Appellant argues his co-defendant was convicted of two counts of possession of cocaine, and the drugs seized were between the passenger seat where Mr. Walker was seated and the middle console of the vehicle.
 {¶ 22} Appellant was charged with possession of cocaine or aiding and abetting another in the possession of cocaine. See, Indictment filed September 14, 2007. The terms "aid and abet," have been construed by courts to mean "to assist or facilitate the commission of a crime, or to promote its accomplishment." State v. Johnson, 93 Ohio St.3d 240, 243,2001-Ohio-1336. *Page 7 
 {¶ 23} Officer Diels observed a vehicle parked in the middle of the street in a high drug area. T. at 108-109. The actions and/or activities of the driver, passenger, and those standing outside the vehicle were consistent with drug activity. T. at 109-110. Appellant was the driver of the vehicle. T. at 126. After stopping the vehicle, Officer Diels observed furtive movements by the passenger, Mr. Walker. T. at 113. The amount of drugs seized and the packaging of the drugs were consistent with being packaged for sale and not for personal consumption. T. at 116, 125.
 {¶ 24} Upon review, we find sufficient circumstantial evidence that appellant possessed cocaine or as the driver aided and abetted Mr. Walker in the possession of cocaine, and no manifest miscarriage of justice.
 {¶ 25} Assignment of Error II is denied.
 III {¶ 26} Appellant claims the trial court erred in admitting evidence which was unfairly prejudicial specifically, other acts evidence. We disagree.
 {¶ 27} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Evid. R. 401 defines "relevant evidence" as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 402 provides: *Page 8 
 {¶ 28} "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."
 {¶ 29} Appellant argues the trial court improperly permitted the state to introduce evidence of his 2002 conviction for possession of cocaine, and testimony that he had fled from the police during the incident.
 {¶ 30} Officer Diels testified after stopping the vehicle, he recognized the driver as appellant because he had had a previous encounter with him:
 {¶ 31} "Q. And specifically can you tell us how you were familiar with him?
 {¶ 32} "A. Approximately five years ago I had stopped Mr. Smith on a traffic stop, license plates I believe were expired. As I start to run his plates and his license, Mr. Smith took off from me in his vehicle and a vehicle pursuit ensued. He crashed his vehicle and fled from us. And upon apprehending him we found several baggies of crack cocaine and powder cocaine." T. at 126.
 {¶ 33} No objections were made to this testimony. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim. R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. *Page 9 
 {¶ 34} On cross-examination, the issue was once again raised. T. at 142-143. When defense counsel asked Officer Diels his purpose for asking appellant to step out of his vehicle, Officer Diels explained he asked appellant to step out of the vehicle because of his previous encounter with appellant. Id. During closing arguments, defense counsel used this previous encounter to establish a motive of revenge:
 {¶ 35} "Now, while they are in the car, and once the officers come to the car, then you will have the opportunity to hear them all talking feely among themselves. Diels is continuing on with his exchange with Jamel about this. Well, you remember me back a while ago that accident, that chase, when you run into the fence. Yeah. These guys know one another. And I believe that's why Diels has come to this conclusion well, I have got him once and I have got him again. By God, we are going to see what we can do this time. That's not justice. That's revenge."
 {¶ 36} Clearly appellant used the previous encounter in his defense.
 {¶ 37} Upon review, we find no plain error in the admission of the complained of testimony. We further find the complained of testimony was relevant as an explanation of Officer Diels's actions.
 {¶ 38} Assignment of Error III is denied.
 IV {¶ 39} Appellant claims he was denied a fair trial because of prosecutorial misconduct. We disagree.
 {¶ 40} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), *Page 10 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v.Wainwright (1986), 477 U.S. 168.
 {¶ 41} Appellant argues misconduct because of the prosecutor's comments regarding the previous encounter with Officer Diels (Assignment of Error III), and the prosecutor's questions about the amount of the drugs found in appellant's vehicle and how they were packaged (for sale versus personal consumption). Appellant argues the implication was that he was involved in drug trafficking.
 {¶ 42} As is obvious from defense counsel's questioning as well as his closing argument, appellant's defense was that the drugs were not his but Mr. Walker's. Because the drugs seized were found in the front seat, the implication to be overcome was whether the drugs belonged to Mr. Walker. In addition, any implication of drug trafficking was countered on cross-examination and closing argument with the alternative explanation of male prostitution. T. at 138-139, 229.
 {¶ 43} The explanation as to why appellant was stopped was necessary to lay the groundwork for the arrest. Questions on the amount of the drugs and the way they were packaged were necessary to overcome the implication that the drugs belonged to Mr. Walker.
 {¶ 44} Upon review, we find no undue prejudice to appellant from the prosecutor's comments and questions given the use of some of the evidence as a defense to the charges.
 {¶ 45} Assignment of Error IV is denied. *Page 11 
 V {¶ 46} Appellant claims he was denied a fair trial because of ineffective assistance of trial counsel. We disagree.
 {¶ 47} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 48} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 49} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 50} Appellant claims his counsel was deficient in not objecting to Officer Diels's testimony about his previous encounter with appellant (Assignment of Error III). As we noted in our decision in said assignment, defense counsel used the previous encounter to establish a motive of revenge by Officer Diels. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987),32 Ohio St.3d 380, 388. *Page 12 
 {¶ 51} We find the use of the previous encounter to have been part of appellant's defense and therefore not unduly prejudicial to appellant.
 {¶ 52} Assignment of Error V is denied.
 {¶ 53} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Wise, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1