[Cite as *In re B.D.*, 2021-Ohio-3792.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| IN THE MATTER OF: | CASE NO. 2021-L-030 |
| --- | --- |
| B.D. | Civil Appeal from the Court of Common Pleas, Juvenile Division |
| | Trial Court No. 2019 CV 000976 |

## O P I N I O N

Decided: October 25, 2021
Judgment: Affirmed

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Appellant).

*Ann S. Bergen*, 24 Public Square, Willoughby, OH 44094 (For Appellee).

JOHN J. EKLUND, J.

{¶1}   Mark Dombrowski ("Appellant") appeals the February 8, 2021, judgment entry of the Lake County Common Pleas Court, Juvenile Division, declining to grant Appellant's shared parenting plan, ordering Appellant to pay $900.22 per month for child support, and the court's denial of two unopposed motions for continuance. Finding no reversable error, we affirm.

{¶2}   Appellant filed a pro se custody complaint against Appellee on September 3, 2019. The complaint was amended on September 12 to provide a prayer for relief "[t]o grant joint custody and restricting my son to Lake County to prevent Ashley Johnson from

taking my son away from me." Appellee filed a counterclaim seeking to be designated as the residential parent and legal custodian of the minor child, B.D. DOB 4/11/2018. Appellee also requested an order establishing child support retroactive to B.D.'s date of birth.

{¶3} The court held pretrial hearings on November 4, 2019, January 15, 2020, March 18, 2020 (remote), and June 10, 2020 (remote). The court held a trial management conference on September 15, 2020 (remote), and the trial on October 5, 2020. The record reflects that at the in person pretrials, Appellant waived his right to have counsel present.[1]

{¶4} On September 14, 2020, Appellant hired counsel who filed a notice of appearance and attended the remote September 15 trial management conference. On September 21, Appellant filed a motion to continue the October 5 trial date citing a previously scheduled court appearance in Lake County Domestic Relations Court. The motion for continuance was unopposed by the Guardian ad Litem and Appellee. On October 2, the court denied the motion for continuance and the matter proceeded to trial.

{¶5} At the October 5 trial, Appellant sought an oral continuance of the hearing. Counsel for Appellant related that he had been scheduled for a trial in Domestic Relations Court for that same day and stated that matter had been continued at the request of opposing counsel at 9:00 pm the night before due to illness. Counsel had only been retained on the matter for three weeks and the Appellant had not sought any prior continuances. Appellant's September 21 and October 5 requests for continuance were unopposed by Appellee and the Guardian ad Litem. Appellant's counsel noted that he was

---

[1] Pretrial hearings held after January 15, 2020, were conducted remotely due to the COVID-19 pandemic.

Case No. 2021-L-030

ready to schedule this as soon as possible. I realize that this court has an obligation to move its docket, especially in the circumstances with the virus that we've had to deal with. But, at the same time, that must be tempered with a client's, a litigant's right to have a full and fair hearing, to be represented by counsel of his choosing, and especially if I am ready to reset this as soon as possible.

Appellant cited *In re B.D.,* 11th Dist. Lake Nos. 2009-L-003 and 2009-L-007, 2009-Ohio-2299 in support of his requests for continuance.

{¶6} The trial court said that *In re B.D.* was distinguishable from Appellant's case and further referenced that Appellant's initial pro se complaint did not contain a prayer for relief until it was amended nine days later to request "joint custody." The court noted that October 5, 2020, was

13 months past when this case was originated. * * * Additionally, this trial date has been pending since June 11, it was scheduled. So I get the fact that you got on the case late, I think September 14th, but I think the correct thing to do would have been file a provisional notice of appearance and based on the court continuing the matter.

After denying the oral motion to continue, the trial proceeded and both parties presented their cases. The trial court issued a post-hearing order taking the matter under advisement and allowed Appellant fourteen days to file his shared parenting plan. Appellant timely filed the shared parenting plan on October 8, 2020.

{¶7} In its November 10 Magistrate's Decision, the trial court did not consider shared parenting. The magistrate made this decision because of the Appellee's opposition and because of due process concerns caused by Appellant's failure to file the proposed shared parenting plan 30 days prior to trial as required by 3109.04(G). Appellant timely objected to the magistrate's decision and the trial court adopted the Magistrate's Decision in full on February 8, 2021. Appellant timely filed this appeal.

3

Case No. 2021-L-030

{¶8} Appellant's first assignment of error states:

{¶9} "[1.] The Trial Court Erred by not granting Appellant-Father's Motion for Continuance."

{¶10} Juv.R. 23 governs continuances in juvenile court and states that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Lake County Juvenile Court Local Rule I(C)(3)(b) states that "[n]o case assigned for trial may be continued except on written motion, subject to the approval of Court." An appellate court will not reverse a trial court's decision to deny a motion to continue unless the trial court has abused its discretion. *In re Kangas,* 11th Dist. Ashtabula No. 2006–A–0010, 2006–Ohio–3433, ¶ 24. "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, 2014 WL 2881994, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

Case No. 2021-L-030

{¶11} "To determine whether a trial court abused its discretion by denying a motion for continuance, a reviewing court must consider (1) the length of the requested delay, (2) prior continuances requests/received, (3) the presence or absence of legitimate reasons for the requested delay, (4) the appellant's contribution to the circumstances giving rise to the request for delay, and (5) any other relevant factors. *State v. Unger*, 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981). While these factors provide basic guidance, a reviewing court must be mindful that "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶12} Although Appellant cites *In re B.D.*, 11th Dist. Lake No. 2009-L-003, 2009-Ohio-2299, in support of his position, this case is distinguishable in several key points. *In re B.D.* involved an appeal of a permanent custody hearing. The father and mother in that case requested certain discovery materials which the Lake County Department of Jobs and Family Services did not timely produce until the court ordered an in camera review where it determined that the materials were "'necessary and relevant to the pending action'" and "'necessary to ensure due process.'" *Id.* at ¶ 51. However, the parties were not afforded an opportunity to review the materials until the day of the hearing. *Id.* Both parties moved for a continuance to permit adequate review of the records. Instead, the court granted a recess of two hours to allow a review of the documents. *Id.* at ¶ 52. After the recess, the parties again moved for a continuance as they were only able to review one-third of approximately 1500 documents. *Id.*

5

{¶13} The trial court overruled the requests stating that one of the best defense attorneys in Lucas County had routinely practiced without looking at discovery documents or discussing matters with his clients. The trial court further said that "99.9 percent" of the documents "are not relevant to the issues that the Court has to consider anyway." *Id.* at ¶ 53, 55.

{¶14} This court determined that under the above circumstances, it was an abuse of discretion to deny a request for a continuance. This was because "nothing in the record indicates that the trial court conducted a review of the documents, two-thirds of which counsel had insufficient time to review." *Id.* at ¶ 65. Further, the trial court implied as a supplementary basis for overruling the motions that "full and careful preparation for a case is a mere luxury that 'accomplished' lawyers do not need. In effect, the trial court's anecdote was a recognition that counsel would be forced to defend their clients with, at best, partial preparation." *Id.* at ¶ 66. The trial court's denial of a continuance served to "deprive appellants' of their ability to fully protect their essential rights" and we found merit in the assigned error.

{¶15} Here, Appellant's case is not so egregious; however, the court recognizes that the so-called *Unger* factors are mixed. Appellant requested only a short delay and had requested no prior continuances. The reason for the delay was a scheduling conflict with Appellant's attorney as well as the short time counsel had been on the case. The other parties did not object to the continuance. However, Appellant is ultimately responsible for the circumstances giving rise to the request for the continuance. Appellant filed a pro se complaint and waited nearly thirteen months to hire counsel. Further, the court set the trial date in June, allowing Appellant sufficient time to hire counsel between

6

June and the October trial date. Finally, Juv.R. 23 provides a high bar to granting continuances, stating that a continuance "shall be granted only when imperative to secure fair treatment for the parties," while the local rules of the juvenile court require all continuances to be upon written motion.

{¶16} Appellant also argues that the court abused its discretion in denying his motion because he did not receive exhibits until the day of trial. However, Appellant did not raise any objection to this prior to trial. Instead, Appellant raised this issue as an objection to the admission of exhibits during the trial itself. Therefore, the trial court could not have abused its discretion in denying a motion to continue relative to the availability of exhibits when their absence was not cited as a basis for continuance. *See Ungar, supra,* at 589.

{¶17} After considering the *Unger* factors in the record, we do not find that the trial court abused its discretion.

{¶18} Accordingly, Appellant's first assignment of error is without merit.

{¶19} The second assignment of error states:

{¶20} "[2.] The trial court erred by failing to consider Appellant-Father's Proposed Shared Parenting Plan."

{¶21} Appellant argues that the trial court should have considered the Proposed Shared Parenting plan that was filed on October 8, 2020, despite it not being submitted thirty days prior to trial as required by statute.

{¶22} Ohio Revised Code Section 3109.04(G) requires that a "plan for shared parenting shall be filed * * * at a time at least thirty days prior to the hearing on the issue of the parental rights and responsibilities for the care of the children." Although the

7

requirement of the statutory language is clear, Appellant cites cases from sister districts where some Ohio appellate courts have held that R.C. 3109.04(G)

> was not intended by the legislature to divest the trial court of a reasonable degree of flexibility in considering shared parenting plans. Within its discretion, the trial court may relieve a party of the statutory deadline and grant a party's request to file a shared parenting plan within thirty days prior to the hearing. We also agree * * * that the statutory deadline implicates [the party's] right to due process. The critical inquiry is thus whether [the party] had an adequate opportunity to respond to the plan so that her due process right was protected.

*Clouse v. Clouse*, 3d Dist. Seneca No. 13-08-40, 2009-Ohio-1301, ¶ 36, quoting *Harris v. Harris*, 105 Ohio App.3d 671, 674, 664 N.E.2d 1304 (2d Dist. 1995).

However, even in the cases cited by Appellant, it is within the trial court's discretion to relieve a party of this statutory deadline. Absent an abuse of discretion, a reviewing court will not disturb the decision of a lower court.

{¶23} In this case, the magistrate's post-hearing order allowed the Appellant to file the Motion for Proposed Shared Parenting plan and to provide legal authority to submit a proposed plan "once all evidence has been presented." The Magistrate's November 10, 2020, Decision determined that it would "not consider Shared Parenting" because of due process concerns resulting from Appellee presenting her case to the court before Appellant filed his shared parenting plan. In the February 8, 2021, Judgment Entry adopting the magistrate's decision, the court ruled that "Father's motion for Shared Parenting filed October 8, 2020, is not well-taken and denied."

{¶24} Although some Ohio appellate courts have held that it is within the trial court's discretion to exercise flexibility in applying R.C. 3109.04(G), this flexibility is limited to the parties' right to due process. Here, although the trial court provided leave to

8

Appellant to submit the shared parenting plan after the trial's conclusion, the court was under no legal obligation to accept the proposed plan after the deadline. Indeed, the trial court ultimately declined to consider the proposed shared parenting plan because it was submitted *after* the conclusion of the hearing and because its inclusion would create due process concerns for the Appellee. The cases cited by Appellant state that courts have the discretion to exercise a "reasonable degree of flexibility in considering shared parenting plans" filed outside of the statutory deadline. *Harris, supra*, at 674. However, it is not abuse of discretion when merely declining to grant that flexibility.

{¶25} Accordingly, Appellant's second assignment of error is without merit.

{¶26} The third assignment of error states:

{¶27} "[3.] The trial court erred in ordering Father to pay $900.22 per month as to child support."

{¶28} Appellant argues that the trial court abused its discretion in setting the monthly child support payment amount at $900.22.

{¶29} A court reviews child support decisions under an abuse of discretion standard. *In re Sullivan*, 167 Ohio App.3d 458, 2006-Ohio-3206, 855 N.E.2d 554, ¶ 12 (11th Dist.), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d (1989). "'[C]ommon sense and fundamental fairness compel the application of the "abuse of discretion" standard in reviewing matters concerning child support* * *.'" *Id., quoting Booth.*

{¶30} Appellant claims that the trial court could have allocated more parenting time to Appellant which would save money that Appellee spends on childcare expenses. However, Appellant's argument is dependent on Appellant's mother to provide regular

9

childcare. Although there was trial testimony indicating that Appellant's mother was willing to provide childcare, Appellee testified at trial that Appellant's mother was not in favor of watching B.D. daily for the next few years.

{¶31} Significantly, this assignment calls upon the court to question Appellee's decision to place B.D. in childcare and the costs associated with it. As the sole legal custodian of B.D., Appellee is entitled to place B.D. in daily childcare and undue scrutiny by the court would infringe upon Appellee's right to parent her child. *See In re Davis*, 7th Dist. Mahoning No. 02-CA-95, 2003-Ohio-809, ¶ 15, citing *Troxel v. Granville*, 530 U.S. 57, 72-73, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). Appellant does not claim that the trial court incorrectly calculated any aspect of the parties' income or expenses. Instead, Appellant characterizes the childcare expense as "unnecessary." Based on the evidence at trial and the monthly income and expenses of the parties, this Court finds nothing in the record to indicate that the trial court's calculation of child support was an abuse of discretion.

{¶32} Accordingly, Appellant's third assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment of the Lake County Common Pleas Court, Juvenile Division, is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2021-L-030