OPINION
{¶ 1} On September 17, 2003, appellant, Clarence Clay, was found guilty, after a jury trial, of obstructing official business, a misdemeanor of the second degree, and failure to stop at a stop sign, a minor misdemeanor. On September 25, 2003, the Warren Municipal Court sentenced appellant to 90 days in the Trumbull County Jail, with 60 days suspended, for obstructing official business. Appellant was placed on a 5 year reporting probationary period which was premised on several stipulated restrictions. For the failure to stop conviction, appellant was fined $10 and court costs. Appellant filed a timely appeal of his sentence.
 {¶ 2} Appellant raises four assignments of error for our review; in sum, appellant challenges the lower court's application of the statutory sentencing guidelines to his particular case. We will address all four of appellant's assignments of error simultaneously.
 {¶ 3} Although his notice of appeal indicates appellant ordered a partial transcript from the court reporter, the record reflects, on appeal, that no transcript has been filed. Because appellant's appeal challenges his sentence, a transcript of the sentencing hearing is necessary. Further, appellant challenges the trial court's general construction of events as they pertain to his sentence and sets forth accusations regarding the trial court's impartiality. Thus, the trial transcript is also necessary for a thorough review of the appellant's contentions.
 {¶ 4} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs (1978), 53 Ohio St.2d 162,163.
 {¶ 5} This principle is embodied in App.R. 9(B), which states in relevant part:
 {¶ 6} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B); see, also, Streetsborov. Hughes (July 31, 1987), 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, at 2.
 {¶ 7} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway
(Feb. 1, 1999), 5th Dist. No. 1998CA00147, 1999 Ohio App. LEXIS 766, at 3, citing Knapp, supra. Under the circumstances, a transcript of the proceedings is necessary for a complete review of the errors assigned in appellant's brief. As appellant has failed to provide this court with a transcript, we must presume regularity of the proceedings below and affirm.
 {¶ 8} Appellant's four assignments of error are therefore overruled.
 {¶ 9} For the above stated reasons, the judgment of the Warren Municipal Court is hereby affirmed.
Ford, P.J., Christley, J., concur.