[Cite as *State v. Hogya*, 2023-Ohio-342.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF MENTOR-ON-THE-LAKE,

Plaintiff-Appellee,

- vs -

HOPE CRYSTAL HOGYA,

Defendant-Appellant.

CASE NOS. 2022-L-058
2022-L-059

Criminal Appeals from the
Mentor Municipal Court

Trial Court Nos. 2021 CRB 01251 A
2021 CRB 01251 B

**O P I N I O N**

Decided: February 6, 2023
Judgment: Affirmed

*Joseph M. Gurley*, Mentor-On-The-Lake Prosecutor, 240 East Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Hope Hogya, appeals from the Mentor Municipal Court arguing that the trial court failed to consider the purposes and principles of misdemeanor sentencing. We affirm.

{¶2} Appellant was charged with one count of Violating a Protection Order, a misdemeanor of the first degree, in violation of R.C. 2919.27(A)(1).

{¶3} On September 15, 2021, appellant pled guilty to Violating a Protection Order. On February 9, 2022, appellant was sentenced to 180 days in jail with credit for six days served and two-years' probation. Appellant moved the court to modify her

sentence. The trial court granted that motion and released appellant to the New Beginnings Residential Treatment Facility on March 9, 2022.

{¶4} Appellant did not comply with the terms of her probation and was charged with a probation violation. On May 25, 2022, the trial court sentenced appellant to 146 days in jail – the remainder of her jail sentence. In addition, the court sentenced appellant to a 30-day jail term on a contempt of court charge with 24 days suspended and jail time credit for six days served.

{¶5} Appellant filed a pro se notice of appeal on both the Contempt and Violating a Protection Order convictions. Appellate counsel was appointed to represent her.

**Assignment of Error and Analysis**

{¶6} Appellant's sole assignment of error states:

{¶7} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT CONSIDERING THE PURPOSES AND PRINCIPALS [sic] OF MISDEMEANOR SENTNENCING CONTAINED IN R.C. 292921 [sic] AND THE FACOTRS LISTED IN 2929.22."

{¶8} No transcript was filed in this matter. Therefore, this Court's review of appellant's sentence is entirely based upon the trial court's sentencing entries.

{¶9} It is incumbent upon the appellant "to ensure that the record or whatever parts thereof are necessary for the determination of the appeal are filed with the appellate court." *Aurora v. Belinger*, 11th Dist. Nos. 2007-P-0041, 2007-P-0042, 180 Ohio App.3d 178, 2008-Ohio-6772, 904 N.E.2d 916, ¶ 30. "The duty to provide a transcript for appellate reviews falls upon the appellant because [the appellant] has the burden of showing error by reference to the record." *Id.* at ¶ 31, citing *Knapp v. Edwards Laboratories*, 61 Ohio

2

St.2d 197, 199, 400 N.E.2d 384 (1980). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B)(4). Where a transcript is unavailable, the appellant is still obligated to provide a complete record pursuant to App.R. 9(C), (D), or (E). *Belinger*, at ¶ 31.

{¶10} "Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon." *Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶ 7. In such cases, a reviewing court "has no choice but to presume the validity of the lower court's proceedings." *Id.*

{¶11} Appellant argues that the trial court failed to consider or reference the purposes and principles of misdemeanor sentencing set forth in R.C. 2929.21(A) and the misdemeanor sentencing factors set forth in R.C. 2929.22(B).

{¶12} R.C. 2929.21(A) provides that a court imposing a misdemeanor sentence "shall be guided by the overriding purposes of misdemeanor sentencing * * * to protect the public from future crime by the offender and others and to punish the offender." The sentencing court "shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A).

{¶13} R.C. 2929.22(B) provides:

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

3

Case Nos. 2022-L-058, 2022-L-059

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶14} Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *City of Conneaut v. Peaspanen*, 11th Dist. Ashtabula No. 2004-A-0053, 2005-Ohio-4658, ¶ 18, citing *State v. Wagner,* 80 Ohio App.3d 88, 95-96, 608 N.E.2d 852 (12th Dist.1992). "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th 12 Case No. 2022-A-0040 Dist. Lake No. 2008-

4

L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004).

{¶15} "In fashioning an appropriate sentence in a misdemeanor case, the trial court must consider the factors set forth under R.C. 2929.22." *State v. Anthony*, 2019-Ohio-5410, 151 N.E.3d 13, ¶ 181 (11th Dist.), citing *Conneaut v. Coleman*, 11th Dist. Ashtabula No. 2010-A-0062, 2011-Ohio-5099, ¶ 22. A failure to consider those factors amounts to an abuse of discretion. *Id.*, citing *State v. Rogers*, 11th Dist. Trumbull Nos. 2009-T-0051, 2010-Ohio-197, ¶ 11.

{¶16} Absent a failure to consider the R.C. 2929.22 factors, "if the sentence lies within the statutory limit, a reviewing court will presume that the trial judge followed the standards required by the statute." *Id.*, citing *State v. Peppeard*, 11th Dist. Portage No. 2008-P-0058, 2009-Ohio-1648, ¶ 75. There is no requirement for the trial court to state it considered the misdemeanor sentencing factors on the record. *Id.*, citing *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2010-Ohio-4172, ¶ 8. "Appellant's argument the court disregarded the sentencing factors can be overruled if '[t]here is nothing in the transcript of the sentencing hearing or the sentencing entry that affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22.'" *State v. Burley*, 2017-Ohio-378, 83 N.E.3d 322, ¶ 17, (7th Dist.) quoting *State v. Williams,* 4th Dist. Jackson No. 15CA3, 2016-Ohio-73, ¶ 25.

5

{¶17} In this case, appellant claims that the trial court failed to reference the factors set forth in R.C. 2929.22. However, there is no requirement that the trial court state it considered the misdemeanor sentencing factors on the record. *Anthony, supra,* ¶ 181. Appellant's sentence lies within the statutory limits, and nothing in the sentencing entries available for review "'affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22.'" *Burley*, 2017-Ohio-378, at ¶ 17, quoting *Williams,* 2016-Ohio-73, at ¶ 25. Finally, without a transcript to review, we must presume the regularity of the proceedings below and affirm. *See Clay,* 2004-Ohio-4386, at ¶ 7.

{¶18} Accordingly, appellant's sole assignment of error is without merit.

{¶19} The judgment of the Mentor Municipal Court is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.