[Cite as *Slodov v. Eagle Ridge Subdivision Property Owner's Assn., Inc.*, 2023-Ohio-3688.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| LEONARD H. SLODOV, | **CASE NO. 2023-G-0013** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| EAGLE RIDGE SUBDIVISION PROPERTY OWNER'S ASSOCIATION, INCORPORATED, et al., | Trial Court No. 2022 P 000052 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: October 10, 2023
Judgment: Affirmed

*Leonard H. Slodov*, pro se, 13510 Braeburn Lane, Novelty, OH 44072 (Plaintiff-Appellant).

*Mark A. Greer* and *Rachel L. Coles*, Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendants-Appellees).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Leonard Slodov, appeals the judgment of the Geauga County Court of Common Pleas granting summary judgment in favor of appellees, Eagle Ridge Subdivision Property Owner's Association, Inc., and Todd Bemak, Scott Martin, and Gavin Mitchell in their capacity on the Board of Trustees of the Eagle Ridge Subdivision. Appellant sought to remove Bemak, Martin, and Mitchell as trustees and to have himself recognized as a duly elected member of the board. The trial court granted summary judgment in favor of appellees because it found appellant's claim for injunctive relief was

moot as the trustees' one-year term appellant challenged had expired. The court further found that appellant's claimed compensatory damages were not recoverable and, in the absence of compensatory damages, no award of punitive damages was possible.

{¶2} Appellant raises seven assignments of error in which he argues the following: the trial court erred by denying his motion for default judgment; the trial court erred by granting summary judgment and finding his claims were moot; the trial court erred by failing to expedite his trial involving time-sensitive claims; the trial court failed to order the parties to mediation; and the trial court exceeded its jurisdiction by setting a hearing on sanctions after appellant filed this appeal.

{¶3} Having reviewed the record and the applicable caselaw, we find appellant's assignments of error are without merit. The trial court did not abuse its discretion by granting an extension of time for appellees to file their answer and did not err in denying appellant's motion for default judgment where appellees filed their answer timely. Summary judgment was appropriate, and appellant's claims of election impropriety were moot after the Board held a subsequent annual election. Further, the trial court's failure to expedite the case does not affect its mootness or permit this Court to render an advisory opinion as to how the trial court should have managed its docket. Next, mediation is a voluntary process, and the trial court did not abuse its discretion by failing to order the parties to mediate the dispute. Finally, the trial court acted within its jurisdiction to hold a sanctions hearing after appellant filed his notice of appeal. Moreover, the trial court denied appellees' motion for sanctions and the issue is now moot.

{¶4} Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

2

Case No. 2023-G-0013

**Substantive and Procedural History**

{¶5} Appellant served as a trustee of the Eagle Ridge Board of Trustees for approximately 11 years.

{¶6} At a member meeting on November 11, 2021, Bemek, Martin, Mitchell and appellant were nominated to serve on the Board of Trustees. Ostensibly, Bemak, Martin, and Mitchell were elected to serve on the Board and appellant was not reelected to serve.

{¶7} On January 25, 2022, appellant filed a pro se lawsuit alleging the election was invalid and not conducted in accordance with the Eagle Ridge bylaws. He claimed that the bylaws do not limit the number of volunteer board members to three, that the election was informal, confusing, and conducted via secret ballot on blank index cards. In addition, he alleged that Martin was not eligible to be elected because he violated the bylaws by attending the November 11 meeting even after appellant had instructed him to attend by proxy through his legal counsel. Martin had recently hired counsel to represent him in an ongoing dispute with Eagle Ridge.

{¶8} Appellant's complaint contained one count for Martin's failure to comply with Section 3.08 of the Eagle Ridge bylaws, resulting in a violation of R.C. 5312.13; one count for Eagle Ridge Subdivisions' failure to comply with Section 4.04 of the Eagle Ridge bylaws, resulting in a violation of R.C. 5312.13; and one count for Eagle Ridge Subdivisions' failure to comply with Section 4.02 of the Eagle Ridge bylaws, resulting in a violation of R.C. 5312.13.

{¶9} Appellant's complaint sought compensatory damages of $640.00 for office supplies, printing costs, complaint preparation, work needed on public notices, postage,

3

and other costs. He also sought punitive damages of $41,000.00 based on the Board's malicious abuse of power in violation of Ohio law.

{¶10}  In addition, appellant sought injunctive relief. He requested that the court remove Martin from the Board for his violation of Section 3.08 of the bylaws, remove Bemak and Mitchell from the Board for their abuse of power, and to recognize appellant "as one of the duly elected" Board members for the "2022 Association Board, effective January 1, 2022 through December 31, 2022."

{¶11}  On February 25, 2022, appellees filed a Motion for Extension of Time to file their answer. On March 1, 2022, the trial court granted appellees until March 28 to move, plead, or otherwise respond to the complaint. Appellant opposed appellee's Motion for Extension of Time on March 3, arguing the motion was "out of rule" and did not demonstrate "excusable neglect."

{¶12}  Appellees filed an Answer and Counterclaim on March 25, 2022. Appellee's counterclaim sought a declaration that Martin, Bemak, and Mitchell were the duly elected members of the Board.

{¶13}  On March 30, 2022, appellant filed a Motion for Default Judgment. He reiterated that appellees' Motion for Extension of Time was not a proper motion because it did not seek leave of the court and had been filed "out of rule." He argued the trial court prematurely granted the request and did not afford appellant sufficient time to oppose the motion. All of which, he asserted, rendered appellees' answers untimely.

{¶14}  The trial court denied the Motion for Default Judgment, noting that the court had granted an extension of time and appellees were "never in default of responding." The court further stated that granting a leave to plead, whether or not a plaintiff objects,

4

is routine and the court is not precluded from granting a leave to plead before the plaintiff opposes the motion and before the time to do so expires.

{¶15} On July 21, 2022, appellant filed a Request for Mediation Referral. Appellees responded in opposition stating they did "not desire to have the matter referred to Mediation. * * * Defendants do not believe that mediation would be fruitful * * * much of the relief sought by Plaintiff is of such a nature that Defendants do not have authority to agree to various items sought by Plaintiff."

{¶16} On October 14, 2022, appellees filed a Motion for Sanctions pursuant to R.C. 2323.51, claiming that appellant had committed litigation abuses such as witness intimidation and harassment, contacting represented parties directly, disparaging counsel, and disclosing confidential settlement communications. Appellant had sent a letter to each homeowner in Eagle Ridge urging each to call appellees' attorney and the Board directly to "tell them you do not support them going to trial with unclean hands." Appellant's letter urged residents to dissolve the Eagle Ridge Homeowners' Association and said that if the case goes to trial "then at least we will finally get to see who 'They' are."

{¶17} Appellant opposed the motion. The trial court found appellant's behavior to be improper and that his pro se status did not excuse his behavior. The trial court scheduled a hearing to determine whether his conduct was frivolous and, if so, to establish reasonable attorney's fees to be awarded in prosecuting the Motion for Sanctions. The trial court ordered appellant to cease disparaging opposing counsel, to cease communication with represented parties, and to refrain from any disclosure of settlement discussions.

5

**{¶18}** Appellant's complaint asked that he be appointed to the Board for the 2021-2022 Board year and that the Board members be removed for the same term. Appellees filed a Motion for Summary Judgment on December 9, 2022. Appellees argued the case had become moot because the 2021-2022 Board terms had expired, and a new election had been held.

**{¶19}** On January 6, 2023, appellant hired counsel to represent him.

**{¶20}** On March 15, 2023, appellant filed a Motion in Opposition to Summary Judgment. He argued that the subsequent election in November 2022 was also invalid due to the invalid election in 2021 and the Board holding their office unlawfully. Thus, he argued the case was not moot because the Board members were ineligible to be elected to the position in 2023.

**{¶21}** Appellees filed a Reply in Support of Motion for Summary Judgment.

**{¶22}** The trial court granted summary judgment on April 7, 2023. The court said it could no longer grant appellant's requested injunctive relief, and the issue was moot. The court further concluded that appellant's requested compensatory damages were not recoverable because his claimed damages represented lawsuit preparation costs. Finally, the court said that without recoverable compensatory damages, appellant was not entitled to punitive damages.

**{¶23}** Appellant, again acting pro se, filed a Civ.R. 60(B) Motion for Relief from Judgment on April 26, 2023. On May 10, 2023, appellees filed an Opposition.

**{¶24}** Initially, the trial court appeared to grant appellant's Motion for Relief from Judgment on May 16, 2023. However, on May 17, the trial court issued an order denying

6

appellant's Motion for Relief from Judgment and vacating its previous order granting it as "inadvertently filed * * * due to a technical clerical error."

{¶25} On May 4, 2023, appellant timely filed the instant pro se appeal raising seven assignments of error.

{¶26} Appellees renewed their request for the trial court to grant sanctions and renewed a request for appellant to Show Cause concerning a failure to turn over certain discovery materials. The trial court granted the latter and set the Show Cause hearing for June 28, 2023.

{¶27} On June 27, 2023, appellant filed a Motion to Stay the hearing with this Court. We granted appellants stay "in so far as the trial court shall refrain from proceeding in any matters that it is without authority to review or decide and that are consistent with this court's jurisdiction."

{¶28} The trial court thereafter determined it would not proceed on the request to show cause. However, the trial court determined it did retain jurisdiction to proceed on the sanctions hearing.

{¶29} On July 6, 2023, the trial court denied appellees' Motion for Sanctions.

**Assignments of Error and Analysis**

{¶30} We address appellant's assignments of error, at times, out of order and collectively.

{¶31} Appellant's first assignment of error states:

{¶32} "[1.] The trial court committed prejudicial error in denying plaintiff-appellant's, Leonard H Slodov's, motion for default judgment in March 2022 based on its opinion that the defendants-appellees' extension motion to file its Answer was routine and

7

Case No. 2023-G-0013

would not prejudice plaintiff-appellant's claims while failing to comply with rule Civ.R. 6(B)'s filing requirements."

{¶33} Granting default judgment is a harsh remedy which should only be imposed when the defaulting party's actions create a presumption of willfulness or bad faith. *Zimerman v. Group Maintenance Corp.,* 11th Dist. Ashtabula No. 2003-A-0105, 2005-Ohio-3539, ¶ 21. We review the decision to grant or deny a motion for default judgment under an abuse of discretion standard. *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶ 19.

{¶34} "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th 12 Case No. 2022-A-0040 Dist. Lake No. 2008-L-113, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.,* quoting *Beechler* at ¶ 67.

{¶35} Absent leave, a defendant must file an answer within 28 days after service of the summons and complaint. Civ.R. 12(A)(1). Civ.R. 6(B) allows a court to grant a

8

moving party additional time to move, plead, or otherwise respond to a complaint "at any time in its discretion." Civ.R. 6(B); *Sericola v. Johnson*, 11th Dist. No. 2015-T-0091, 2016-Ohio-1164, 61 N.E.3d 643, ¶ 19. A trial court may grant extensions of time to respond to pleadings in its sound discretion. *Whitehouse v. Customer is EverythingA, Ltd.,* 11th Dist. Lake No. 2007-L-069, 2007-Ohio-6936, ¶ 40.

{¶36} Appellant maintains that appellees filed their answers late. He states that by law, the trial court should have granted his motion for default judgment because appellees had moved for leave to file after their answer date and failed to show "excusable neglect" under Civ.R. 6(B)(2).

{¶37} The docket reflects that appellant filed his complaint on January 25, 2022, and that the summonses were sent to appellees on January 26, 2022. However, the docket does not contain a return of service entry to indicate the service date(s).

{¶38} Appellees filed their Motion for Extension of Time on February 25, 2022, which was 30 days after the summonses were sent. Appellees stated the request for extension of time was made because counsel had been retained only recently, was still analyzing the complaint, and needed additional time to meet and discuss the allegations with his clients. Appellees contend that they filed the Motion for Extension of Time within 28 days of service of the complaint. Nothing in the record suggests otherwise, because there is no docket entry reciting the date of the complaint's service.

{¶39} Where the record omits matters that may be necessary for the "resolution of assigned errors * * *, an appellate court has nothing to pass upon." *Warren v. Clay*, 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶ 7. In such cases, a reviewing court "has no choice but to presume the validity of the lower court's proceedings." *Id.*

9

**{¶40}** Absent any record indication of when service of the complaint was made, we must, and do, presume the regularity of the trial court's actions. *Id.* Which is to say, either the motion preceded expiration of the answer date, or not. If it did, the court had authority to grant it under Civ.R. 6(B)(1). If it did not, the court had authority to grant it under Civ.R. 6(B)(2) In either event, and under these circumstances, we cannot say the trial court abused its discretion by denying appellant's Motion for Default Judgment or in granting appellees' Motion for Extension of Time.

**{¶41}** Accordingly, appellant's first assignment of error is without merit.

**{¶42}** Appellant's fourth assignment of error states:

**{¶43}** "[4.] The trial court committed prejudicial error and abused its discretion in granting defendants-appellee's motion for summary judgment April 7, 2023 on grounds of mootness of plaintiff-appellant's claims when the parties were made to wait for over a year without a hearing, or a trial, or a trial date being set, and during that entire year, the trial court knew that plaintiff-appellant was seeking removal of the three Eagle Ridge Corporate Board members for breaking Ohio law by violating numerous corporate bylaws and during that entire year the trial court held jurisdiction over the parties and had asserted jurisdiction over persons when it ordered plaintiff-appellant to refrain from future conduct after plaintiff-appellant's opinion letter was mailed to Eagle Ridge neighbors in September 2022 and when the trial court was made aware during its pretrial conference in September 2022 that a subsequent re-election by defendants-appellees in November 2022 might cause plaintiff-appellant's claims to become moot but the trial court inexcusably and unreasonably failed to assert jurisdiction over Eagle Ridge and order

10

defendants-appellees to refrain from that re-election just until the upcoming trial was held, which was the defendants-appellees' choice when it refused mediation unreasonably."

**{¶44}** Appellant's argument under this assignment of error suggests that the trial court erred by granting summary judgment on mootness grounds where the trial court failed to exercise its jurisdiction to *order* appellees to not hold a new election for the 2022-2023 term when the trial court knew that such failure could potentially moot his claims.

**{¶45}** We review a trial court's summary judgment ruling de novo. *Hapgood v. Conrad,* 11th Dist. Trumbull No. 2000–T–0058, 2002–Ohio–3363, ¶ 13, citing *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 715 N.E.2d 1179 (7th Dist.1998). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, LLC*, 2017- Ohio-8941, 101 N.E.3d 484 (11th Dist.), ¶ 6, citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

**{¶46}** Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

**{¶47}** "[I]t is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy." *Deluca v. Aurora*, 144 Ohio App.3d 501, 508, 760 N.E.2d 880 (11th Dist. 2001). A case is moot "when an event occurs that renders it impossible for the court to grant the requested relief" because "under such circumstances, there is no longer a 'live' issue that demands resolution." *Ohio Renal Assn. v. Kidney Dialysis Patient Protection Amendment Committee,* 154 Ohio St.3d 86, 2018-Ohio-3220, 111 N.E.3d 1139, ¶ 12, citing *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10. "It is not the duty of the court to answer moot questions, and when * * * an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." *Miner v. Witt,* 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus.

**{¶48}** Nevertheless, courts may address moot issues capable of repetition yet evading review. *State ex rel. Plain Dealer Publishing Co. v. Barnes,* 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). Further, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller Inc. v. Flaherty,* 74 Ohio App.3d 788, 792, 600 N.E.2d 736 (10th Dist.1991).

**{¶49}** A court may also address moot issues when those issues concern an important public right or a matter of great public or general interest. *In re Suspension of*

12

*Huffer from Circleville High School*, 47 Ohio St.3d 12, 14, 546 N.E.2d 1308 (1989).

Generally, however, this exception is reserved for the highest court of the state. *Rock*

*House Fitness Inc. v. Himes*, 2021-Ohio-245, 167 N.E.3d 499, ¶ 41 (11th Dist.).

**{¶50}** Appellant brought his claims under R.C. 5312.13, which provides:

The owners association and all owners, residents, tenants, and other persons lawfully in possession and control of any part of an ownership interest shall comply with any covenant, condition, and restriction set forth in any recorded document to which they are subject, and with the bylaws and the rules of the owners association, as lawfully amended. Any violation is grounds for the owners association or any owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of action.

**{¶51}** The relevant Eagle Ridge bylaws which appellant claims were violated

provide:

Article III: MEMBERS.

* * *

3.08 Except as otherwise provided in the Articles, these Bylaws or by law, the affirmative vote of a majority of the voting power of the Members present in person or by proxy and entitled to vote on any matter that may be determined by the Members at a duly called and noticed meeting of the Members shall be sufficient to determine that matter. The rules of conduct for all meetings of the Members shall be determined by the Board.

* * *

Article IV: BOARD OF TRUSTEES.

* * *

4.02 The persons who are to serve as the Trustees of the Association shall be elected at each annual meeting of the Association, and each person so elected shall hold such office until his successor is elected and qualified * * *. The number of Trustees that shall constitute the entire Board shall be three (3) or such greater number as may be fixed from time to time by vote of the Members, provided that no reduction in the number of Trustees shall of itself have the effect of shortening the term of any incumbent Trustee.

13

* * *

4.04 Nominations for the election of Trustees to be elected by the Members shall be made by a nominating committee. Nominations may also be made from the floor at the meetings. The nominating committee shall consist of a chairman, who shall be a member of the Board, and two or more Members appointed by the Board. The nominating committee shall make as many nominations for election to the Board as it shall, in its discretion, determine, but no less than the number of vacancies that are to be filled.

{¶52} There are few cases involving homeowner association board elections which have been brought under R.C. 5312.13, none addressing whether or not a claim under that statute has become moot, and if so, the consequences. *See Kirby v. Oatts*, 2nd Dist. No. 28455, 2020-Ohio-301, 151 N.E.3d 1083; *Gall v. Mariemont Windsor Square Condominium Assn.*, 1st Dist. No. C-070281, 175 Ohio App.3d 689, 2008-Ohio-1276, 888 N.E.2d 1144. However, there are several election cases not brought under R.C. 5312.13 which offer analogous facts useful for our mootness analysis here.

{¶53} *State ex rel. Stokes v. Prob. Court of Cuyahoga Cnty.,* 22 Ohio St.2d 120, 258 N.E.2d 594 (1970) involved a public office holder's removal from office for misconduct under R.C. 733.72. *Id.* The court observed in dicta "[o]bviously, if the officer is not reelected, he is no longer an officer and the question of his removal is moot." *Id.* at 121. However, the officer was reelected to the same office. *Id.* The court applied R.C. 733.72 and concluded "[s]ince all conduct alleged as a ground for removal occurred in a prior term of office, and relator has since been reelected to his present term by the electors of the city of Cleveland, the issue presented to the Probate Court is now moot." *Id.* at 124.

{¶54} *Capretta v. Brunswick City Council*, 9th Dist. Medina No. 11CA0094-M, 2012-Ohio-4871, similarly dealt with a public officer holder removed from office. *Id.* at ¶ 1. The term of office for which the plaintiff sought reinstatement expired and the plaintiff

14

was reelected to the same office. *Id.* at ¶ 7. The court concluded the matter was moot and that there was not a reasonable expectation that the issue would recur or that it would again evade review. *Id.* at ¶ 10.

{¶55} In *State ex rel. Devine v. Baxter*, 168 Ohio St. 559, 156 N.E.2d 746 (1959), the Ohio Supreme Court addressed a quo warranto action for removal of members of the board of trustees of a cemetery association on the grounds they had been elected illegally. *Id.* at 559. The board members served one-year terms and those terms expired, with some of the board member respondents being reelected to the board. *Id.* The Court said the issue had become moot and dismissed the matter. *Id.*

{¶56} We conclude that appellant's prayer for relief seeking the removal of Bemak, Martin, and Mitchell and his own appointment for the "2022 Association Board, effective January 1, 2022 through December 31, 2022" was rendered moot by the subsequent 2022-2023 Board election.

{¶57} Further, this matter is not a case in which the issues raised are capable of repetition yet evading review. The issue appellant raised will not always be rendered moot by the passage of time and intervening events before a judicial resolution. *See State ex rel. Todd v. Felger*, 116 Ohio St.3d 207, 2007-Ohio-6053, 877 N.E.2d 673, ¶ 12. Nor is there is not a reasonable expectation that appellant will again be subject to the same action. Basically, his claim was that he was improperly ousted from his Board post and replaced illegally. Rightly or wrongly, he was ousted so he cannot be "re-ousted."

{¶58} Appellant's claim that it was the trial court's dilatory case management that mooted his claims does not alter the fact that his case is moot. Indeed, appellant does not truly contest the truth that his claims are moot. Instead, he, at least in part, blames

15

the trial court for allowing the issue to become moot. We address this issue more fully in paragraphs 64-71.

{¶59} Next, appellant sought compensatory damages of $640.00 "for work needed on public notices, Complaint preparation, office supplies, printing costs, postage, and other costs * * *." The trial court granted summary judgment on the issue of compensatory damages because "such expenses cannot be considered as compensatory damages."

{¶60} Compensatory damages are defined as the measure of actual loss suffered by the aggrieved party. *Kovach v. Lazzano*, 11th Dist. Geauga No. 1082, 1983 WL 6080, *3 (August 5, 1983). "The object of compensatory damages is to make the damaged party whole for the wrong done to him." *Id.*, citing *Lake Shore & M.S. Ry. Co. v. Hutchins*, 37 Ohio St. 282, 294 (1881). Compensatory damages must result from the wrongful act and be "traceable to and the necessary result of the act." *Id.* A plaintiff "is not entitled to expenses, i.e. copying costs, related to the prosecution of the case." *Curry v. Ohio State Penitentiary,* Ct. of Cl. No. 2002-10259-AD, 2003-Ohio-2169, ¶ 6, citing *Hamman v. Witherstine*, 20 Ohio Misc. 77, 78, 252 N.E.2d 196 (C.P. 1969).

{¶61} Appellant seeks to recoup expenses related to the prosecution of his case. These alleged damages did not result from the wrongful act and were not traceable to and the necessary result of the act. Therefore, appellant's claimed compensatory damages are not recoverable and appellee is entitled to summary judgment on the damages claim.

{¶62} Finally, appellant also sought punitive damages of $41,000.00 based on the Board's malicious abuse of power in violation of Ohio law. However, the Ohio Supreme

16

Court has "held time and again, punitive damages may not be awarded when a jury fails to award compensatory damages" *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 447, 659 N.E.2d 1242 (1996). In the absence of a compensatory damages award, appellant is not entitled to punitive damages.

{¶63} Accordingly, appellant's fourth assignment of error is without merit.

{¶64} Appellant's second, third, and sixth assignments of error state:

{¶65} "[2.] The trial court committed prejudicial error and abused its discretion *by failing to act and expedite trial* when claims knowingly involved a November 2021 election for a homeowners association's 2022 Board that was of immediate pubic interest to all owner/member of Eagle Ridge Subdivision Property Owners Association Incorporated. The trial court did not reasonably place trial on short-calendar, it granted time extensions in lieu of granting a March 2022 default judgment, it ordered plaintiff-appellant to wait unreasonably for pretrial conference scheduled eight months in to 2022, and never set a trial date when the trial court's discretionary scheduling pace caused prejudice to plaintiff-appellant's time-sensitive claims timely filed under ORC 5312.13." (Emphasis added).

{¶66} "[3.] The trial court committed prejudicial error and abused its discretion *in failing to expedite trial proceedings* after it was made aware during pretrial conference that its delays were extending the case beyond a subsequent Eagle Ridge Corporation election for 2023 Trustees with possible mooting of plaintiff-appellant's claims as a new, oral, affirmative defense raised by defendants-appellees." (Emphasis added).

{¶67} "[6.] The trial court committed prejudicial error and abused its discretion *in failing to expedite trial proceedings* that led to mootness of claims as a well taken new affirmative defense just fourteen months after initial filing for causes of action under ORC

17

5312.13 defeating its clear intent of plaintiff-appellant's protection under the law when there is a two-year statute of limitations for filing such claims in Ohio, making ORC 5312.13 pointless in practice and punitive to litigants if the trial court's April 7, 2023 final appealable order is not vacated on appeal." (Emphasis added).

{¶68} Appellant's second, third, and sixth assignments of error all assert error based on the trial court's case schedule and failure to set a trial date. He argues the trial court's inaction resulted in his claims becoming moot before he could obtain relief. Appellant does not cite any relevant case law or authority to support his contentions. It is a well-established rule that a trial court has inherent authority to control and manage its own docket. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. Appellant does acknowledge that he was unable to find cases which support his contention that a trial court has an administrative duty to expedite trials involving homeowner's association election disputes.

{¶69} Appellant further contends that the statute of limitations under R.C. 5312.13 is effectively meaningless because his claims for relief will evade justice. Finally, appellant suggests that the trial court violated Ohio Code of Judicial Conduct Rule 1.2 Promoting Confidence in the Judiciary and Rule 2.5 Competence, Diligence, and Cooperation.

{¶70} Appellant's arguments under these assignments of error all but acknowledge that this case is moot. As noted above "it is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy." *Deluca v. Aurora*, 144 Ohio App.3d at 508, 760 N.E.2d 880. Whether appellant's case is moot, and whether this court has the jurisdiction to consider his claims, is not contingent on the reason why it became moot. We do not have jurisdiction to pass

18

on moot issues whether appellant, appellee, or the trial court itself are responsible for appellant's issue becoming moot.

**{¶71}** Appellant also articulates an argument suggesting the election issue is one that is capable of repetition yet evading review. However, as discussed above, appellant's claim is moot and does not satisfy the capable of repetition yet evading review exception to the mootness doctrine.

**{¶72}** Appellant further asserts the trial court's decision effectively renders R.C. 5312.13 meaningless because claims for relief under that section are incapable of full review. *See Clements v. Brimfield Twp. Police Dept.,* 11th Dist. No. 2016-P-0079, 2017-Ohio-4238, 92 N.E.3d 37, ¶ 36. We decline to issue the advisory opinion this argument asks us to render.

**{¶73}** Finally, appellant's allegations of judicial misconduct under the Ohio Code of Judicial Conduct do not fall within the jurisdiction of this Court. *Filby v. Filby*, 11th Dist. Geauga No. 2016-G-0101, 2017-Ohio-4377, ¶ 7.

**{¶74}** Accordingly, appellant's second, third, and sixth assignments of error are without merit.

**{¶75}** Appellant's fifth assignment of error states:

**{¶76}** "[5.] The trial court committed prejudicial error and abused its discretion failing to order mediation when the plaintiff-appellant reasonably requested mediation due to the time-sensitive nature of its claims, the non-complex scenario, the low dollar amount prayed for in good faith, and the public interest of all owners/members when Eagle Ridge Corporation fiduciaries refused to act reasonably and prudently towards this litigation."

19

Case No. 2023-G-0013

**{¶77}** It is within the trial court's discretion to promote settlement and prevent litigation. *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). By its very nature, mediation is a voluntary process and there is no law or rule that requires a trial court to offer mediation. *U.S. Bank Nat. Assn. v. Morales*, 11th Dist. Portage No. 2009-P-0012, 2009-Ohio-5635, ¶ 23. We review whether a trial court grants or denies a motion for mediation under an abuse of discretion standard. *Bank of New York v. Stilwell*, 5th Dist. Fairfield No. 12 CA 3, 2012-Ohio-4123, ¶ 40; *Bank of Am. v. Litteral*, 2nd Dist. No. 23900, 191 Ohio App.3d 303, 2010-Ohio-5884, 945 N.E.2d 1114, ¶ 21.

**{¶78}** Appellant filed a motion to request mediation and the trial court sent a notice informing the parties of the costs associated with mediation and inquiring if the parties desired to engage in mediation. Appellees filed a response in opposition stating they did "not desire to have the matter referred to Mediation. * * * Defendants do not believe that mediation would be fruitful * * * much of the relief sought by Plaintiff is of such a nature that Defendants do not have authority to agree to various items sought by Plaintiff."

**{¶79}** Mediation is a voluntary process and one party opposed mediation. There is no rule requiring the trial court to order mediation and the trial court did not abuse its discretion by failing to do so.

**{¶80}** Accordingly, appellant's fifth assignment of error is without merit.

**{¶81}** Appellant's seventh assignment of error states:

**{¶82}** "[7.] The trial court committed prejudicial error and abused its discretion in granting defendant-appellees' post case closure motion May 8, 2023 for a hearing on sanctions and to compel that are issues not consistent with its April 7, 2023 final appealable order, which closed the case at bar, when plaintiff-appellant filed a written

20

notice of appeal May 4, 2023 and when the trial court loses jurisdiction upon a written notice of appeal being filed and the parties no longer have standing to appear at a trial court hearing."

{¶83} Appellant argues that the trial court does not have jurisdiction to schedule a hearing on appellees' pending Motion to Compel and Motion for Sanctions while this appeal is pending. He therefore requests that this court vacate the trial court's May 8, 2023 order granting appellees' motion for a post case closure hearing.

{¶84} We granted appellants Motion to Stay "in so far as the trial court shall refrain from proceeding in any matters that it is without authority to review or decide and that are consistent with this court's jurisdiction." Based on our ruling, the trial court determined it would not proceed on the request to show cause. However, the trial court determined it did retain jurisdiction to proceed on the sanctions hearing.

{¶85} On July 6, 2023, the trial court denied appellees' Motion for Sanctions.

{¶86} While a case is on appeal, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15, 661 N.E.2d 170 (1996), citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). A sanctions hearing held under Civ.R. 11, R.C. 2323.51, or the trial court's inherent power, is considered collateral to the underlying proceedings for which the trial court retains jurisdiction post-dismissal or post-appeal. *Lewis v. Celina Fin. Corp.,* 101 Ohio App.3d 464, 470, 655 N.E.2d 1333 (3rd Dist.1995); *Newman v. Al Castrucci Ford Sales, Inc.,* 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1st Dist.1988). A trial court's decision on sanctions does not impact the reviewing court's power to review

21

and decide an appeal of the trial court's granting summary judgment. *Newman*, at 169. Therefore, a trial court retains jurisdiction to decide a motion for sanctions pursuant to Civ.R. 11, R.C. 2323.51, or the court's inherent power even when an appeal from summary judgment has been filed. *Id; Harris v. Southwest Gen. Hosp.,* 84 Ohio App.3d 77, 85, 616 N.E.2d 507 (8th Dist.1992).

{¶87} This appeal deals with the trial court's order granting summary judgment. The trial court retained jurisdiction to address the collateral Motion for Sanctions and did so, resolving the issue. In addition, the denial of appellees' Motion for Sanctions renders this issue moot. Further, this Court has already issued a stay to prevent the trial court from proceeding in any matter it is without authority to review during the pendency of this appeal, and the trial court has declined to exercise jurisdiction on the Motion to Compel issue. This issue is likewise moot.

{¶88} Accordingly, appellant's seventh assignment of error is without merit.

{¶89} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.