[Cite as *Slodov v. Eagle Ridge Subdivision Property Owners Assn., Inc.*, 2024-Ohio-143.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| LEONARD H. SLODOV, MBA, DMD, | **CASE NO. 2023-G-0021** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Chardon Municipal Court |
| EAGLE RIDGE SUBDIVISION PROPERTY OWNERS ASSOCIATION INC., et al., | Trial Court No. 2023 CV I 00300 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: January 16, 2024
Judgment: Affirmed

*Leonard H. Slodov*, MBA, DMD, pro se, 13510 Braeburn Lane, Novelty, OH 44072 (Plaintiff-Appellant)

*Mark A. Greer* and *Rachel L. Bagnolo,* Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendant-Appellee, Eagle Ridge Subdivision Property Owners Association Inc.).

*Steven M. Ott*, Ott & Associates Co., LPA, 1300 East Ninth Street, Suite 1520, Cleveland, OH 44114 (For Defendant-Appellee, Ott & Associates Co., LPA).

ROBERT J. PATTON, J.

{¶1} Appellant, Leonard H. Slodov ("Slodov"), appeals the decision of the Chardon Municipal Court, dismissing his complaint on the grounds of collateral estoppel and res judicata. For the following reasons, we affirm.

{¶2} This case stems from facts and circumstances involving a case previously adjudicated in the Geauga County Court of Common Pleas ("Geauga County Case"). The

Geauga County Case, Trial Court No. 2022 P 000052, involved appellant, Leonard Slodov, and appellees, Eagle Ridge Subdivision Property Owners Association, Inc. ("Eagle Ridge").

{¶3} Slodov owns and resides at a property located in Novelty, Ohio. The property is part of an allotment self-governed by Eagle Ridge, a planned community, otherwise known as a homeowner's association. The central issue litigated in the Geauga County Case was the validity of the election of the governing board of Eagle Ridge for the 2022 term year.

{¶4} Slodov was a member of the Eagle Ridge board for 11 years until November of 2021, when he was not re-elected for the 2022 term year. In his complaint in the Geauga County Case, Slodov challenged that election, held in November of 2021, for the Eagle Ridge board. Slodov alleged that the three elected board members (Tod Bemak, Scott Martin, and Gavin Mitchell) violated the association's bylaws when it held a secret ballot without providing the applicable bylaw rules to homeowners. Slodov argued that in doing so, the elected board members also violated R.C. 5312.13, which creates a cause of action for non-compliance with a homeowner's association's bylaws.

{¶5} Slodov sought injunctive relief, requesting the removal the three board members from office and reinstate Slodov as a board member. Slodov also sought compensatory damages of $640 for the cost of preparing and filing a complaint, and $41,000 in punitive damages for the board members' conduct.

{¶6} Eagle Ridge filed a motion for summary judgment in the Geauga County Case on December 9, 2022. In its motion, Eagle Ridge argued that the issue had become moot because the 2022 term year had expired, and the board had already held elections

for the 2023 term year. Because the disputed election term expired, the subject of Slodov's claim in the trial court ceased to exist, rendering the relief Slodov sought (removal of the board and reinstatement of his own position) no longer possible.

{¶7}   Up to this point, Slodov had been acting entirely pro se. Slodov hired an attorney and through counsel, Slodov filed an opposition to Eagle Ridge's motion for summary judgment on March 15, 2023, in the Geauga County Case. Slodov asserted that because the 2022 board members were illegally elected, they became disqualified to run for subsequent elections. Thus, Slodov argued, his issue was not moot.

{¶8}   On April 7, 2023, the trial court in the Geauga County Case granted Eagle Ridge's motion for summary judgment and found Slodov's request for injunctive relief was in fact moot. The trial court denied Slodov's claims for damages. The trial court explained in its order that the fees for preparing and filing a complaint, and other office costs associated with bringing his claim, cannot be recovered through compensatory damages. The trial court further explained, without compensatory damages, punitive damages cannot attach.

{¶9}   Slodov again acting pro se, appealed the order of the Geauga County Court of Common Pleas to this Court, in *Slodov v. Eagle Ridge Subdivision Property Owner's Assn., Inc.*, 2023-Ohio-3688. This Court affirmed the order of the Geauga County Court of Common Pleas granting summary judgment in favor of Eagle Ridge on October 10, 2023.

{¶10}   On April 13, 2023, Slodov filed a new complaint in the Chardon Municipal Court Small Claims Division. In his complaint, Slodov sought $6,000 for the cost of suing Eagle Ridge in the Geauga County Case, plus 10% interest and costs.

3

Case No. 2023-G-0021

{¶11} Slodov's complaint disputed the following issues: (1) the validity of a lien placed on Slodov's property by Eagle Ridge for unpaid assessments, (2) asserted again, that the Eagle Ridge board members violated association bylaws and R.C. 5312.13, (3) alleged that the 2022 term year board members' actions during the pendency of the Geauga County Case were abuse of power, retaliation, harassment, extortion, and unjust enrichment.

{¶12} Attached as an exhibit to his complaint, Slodov included a letter he wrote, addressed to Ott & Associates, the law firm employed by Eagle Ridge to collect Slodov's delinquent assessment fees. In his letter, dated December 8, 2022, Slodov disputed the assessment fees, and argued that because the board members were elected in violation of the association's bylaws that they do not have the authority to collect. Slodov asserted further that the board members were selectively enforcing the bylaws of their choosing by attempting to collect fees from him.

{¶13} During the pendency of the Geauga County Case, Slodov neglected to pay Eagle Ridge's property owner's assessment fees. Eagle Ridge sent Slodov's account to collections for non-payment utilizing the services of Ott & Associates. When collection attempts failed, Eagle Ridge placed a lien on Slodov's property.

{¶14} On May 4, 2023, Eagle Ridge filed a counterclaim to Slodov's complaint, for $2,420.50 ($1,810.50 for late assessment fees, plus the legal fees associated with collecting on the late assessment fees). According to Eagle Ridge's statement summary, attached to its counterclaim, Slodov did not pay annual assessments of $350.00 for the years of 2022 or 2023, incurring numerous late fee charges and additional costs for legal fees for attempts to collect the assessment fees.

4

Case No. 2023-G-0021

**{¶15}** On May 17, 2023, Eagle Ridge filed a motion to transfer the Chardon small claims case to the regular docket of the Chardon Municipal Court, arguing that: (1) Slodov's claims are barred by res judicata and collateral estoppel, (2) that the small claims court does not have jurisdiction to grant declaratory judgment, (3) discovery is necessary, and (4) that Eagle Ridge wants to preserve its right to a trial by jury. Attached as an exhibit to Eagle Ridge's Motion to Transfer was Slodov's complaint from the Geauga County Case.

**{¶16}** A hearing on Eagle Ridge's motion to transfer the case to the regular docket was held on May 25, 2023. At the hearing, Slodov presented to the court for filing his Plaintiff's Statement Opposing Defendants' Motion and Objection with Sanction Request.[1]

**{¶17}** In Slodov's Statement Opposing Defendants' Motion and Objection with Sanction Request, he again argues that the Eagle Ridge board members violated the association bylaws, thereby violating Ohio law, and wrongfully removed him from the board. Slodov argues that he relied detrimentally on Ott & Associates' collection letter purporting the collection attempt to be separate from the Geauga County Case. Additionally, in his Statement, Slodov requested sanctions against Eagle Ridge, the discharge of the lien against his home, $6,000 in compensatory damages, $12,000 in punitive damages, and denial of Eagle Ridge's counterclaim.

**{¶18}** A Magistrate's Decision was filed on May 25, 2023, with a recommendation of dismissing the case on the grounds of collateral estoppel and res judicata.

---

1. According to transcripts, the Statement appeared to be taken by someone in the courtroom to be time-stamped at some point during the hearing.

5

Case No. 2023-G-0021

{¶19} Slodov filed an Objection to Magistrate's Decision on May 31, 2023. In his Objection, Slodov argued the Magistrate's Decision disregards Slodov's reliance on Ott & Associate's assertion that the collection attempt was separate from the Geauga County Case. Slodov contended that by filing an appeal in the Geauga County Case, that Geauga County Common Pleas Court lost jurisdiction, and that if the collection attempt was part of the Geauga County Case and not a new and separate claim, then Eagle Ridge was at fault for not merging it with that case.

{¶20} A judgment entry overruling Slodov's objection and adopting the Magistrate's decision was filed on June 12, 2023, and the case was dismissed.

{¶21} Slodov timely filed this appeal to the June 12, 2023 judgment entry of the Chardon Municipal Court and asserts three assignments of error.

{¶22} Slodov's first two assignments of error are substantially the same and will be simultaneously analyzed below.

**First and Second Assignments of Error**

{¶23} Appellant's first assignment of error states:

> The trial court committed prejudicial error in dismissing plaintiff-appellant's, Leonard H Slodov's, complaint against Eagle Ridge Corp and Ott & Associates not on the merits without a trial thereby allowing their non-judicial collection lien to remain of public record on plaintiff-appellant's home when defendant Eagle Ridge Corp's collection claim was a new claim represented in writing by their collection firm, defendant Ott & Associates, to be 'entirely separate' from an ongoing case between the parties in another court. The dismissal decision erroneously concluded that equitable estoppel did not apply to bar Eagle Ridge Corp from raising new, contradictory, oral, affirmative defenses during a ten-minute hearing held in lieu of trial.[2]

---

[2] In his briefing and trial court filings, Slodov refers to Eagle Ridge as "Eagle Ridge Corp" several times. However, the reference is to the same Eagle Ridge Subdivision Property Owners Association Inc., and not a separate entity.

6

Case No. 2023-G-0021

{¶24} Appellant's second assignment of error states:

The trial court committed prejudicial error in dismissing plaintiff-appellant's, Leonard H Slodov's, complaint against Eagle Ridge Corp and Ott & Associates not on the merits without a trial thereby allowing their non-judicial collection lien to remain of public record on plaintiff-appellant's home when defendant Eagle Ridge Corp's collection claim was a new claim represented in writing by their collection firm, defendant Ott & Associates, to be 'entirely separate' from an ongoing case between the parties in another court. The dismissal decision erroneously concluded that judicial estoppel did not apply to bar Eagle Ridge Corp from raising new, contradictory, inconsistent, oral, affirmative defenses during a ten-minute hearing held in lieu of trial.

{¶25} In Slodov's first assignment of error, he raises the following issues:

(1) Slodov challenges the trial court's dismissal of his complaint without a trial;

(2) Challenges the trial court in allowing Eagle Ridge's lien to remain on his property;

(3) He contends that he relied on Ott & Associates' representation that the lien is a separate claim from the Geauga County Case, justifying bringing his small claims action; and

(4) Slodov argues that Eagle Ridge raised new affirmative defenses during the hearing held on May 25, 2023.

{¶26} In Slodov's second assignment of error, he raises the following issues:

(1) Slodov again challenges the trial court's decision to dismiss his complaint without a trial;

(2) Challenges the trial court in allowing Eagle Ridge's lien to remain on his property;

7

(3) Contends that Ott & Associate's collection attempt is a new claim separate from the Geauga County Case; and,

(4) Further argues that judicial estoppel should have barred Eagle Ridge from raising new affirmative defenses during the hearing held on May 25, 2023.

**{¶27}** The trial court dismissed Slodov's claim based on principles of res judicata and collateral estoppel. In his complaint in the Chardon Municipal Court Small Claims Division, under "Statement of Claim," Slodov wrote the following:

> 12 year volunteer Trustee/19 year member Plaintiff has refuted in writing amount filed as a lien on the grounds that Ohio law 5312.13 was violated multiple times by the defendants who, on November 16, 2021 illegally removed Plaintiff Trustee violating bylaws 4.03 and 3.05, 3.08 and 4.02 and interfered with corporate duties before their 2022 term began. Plaintiff sued in Common Pleas Court seeking defendants' removal, costing $6,000. As of March 9, 2023 lien filing date, case 22P000052 was ongoing. Eagle Ridge has no HOA collection policy. Lien filed enforcing bylaw authority by Ohio law breakers during ongoing litigation is abuse of power, retaliation, harassment and by definition may constitute extortion for unjust enrichment.

**{¶28}** It appears that Slodov's complaint in small claims court asserted the following issues: (1) Slodov refutes the lien placed on his property by Eagle Ridge, (2) the 2022 board members of Eagle Ridge violated 5312.13, (3) the 2022 board members violated bylaws and removed Slodov illegally, (4) Slodov seeks $6,000 in recovery for the costs of bringing the Geauga County Case, (5) and the board members committed abuse of power, retaliation, harassment, extortion, and were unjustly enriched.

**{¶29}** An appellate court reviews application of the doctrines of res judicata and collateral estoppel under a de novo standard of review. "'Application of the doctrine of res

8

judicata/collateral estoppel to a particular issue is a question of law. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294 ¶ 41 (10th Dist.). Accordingly, it is reviewed under a denovo standard of review, i.e., without deference to the lower court's decision. *Rossow v. Ravenna*, 11th Dist. Portage No. 2001-P-0036, 2002-WL 480061 (Mar. 29, 2002).' *State v. Hill*, 177 Ohio App.3d 171, 2008-Ohio-3509, 894 N.E.2d 108, ¶ 37 (11th Dist.)." *Lycan v. Cleveland*, 171 Ohio St.3d 550, 2022-Ohio-4676, 218 N.E.3d 913, ¶ 21.

{¶30} In *Carson v. Holmes*, 11th Dist. Portage No. 2010-P-0007, 2010-Ohio-4199, ¶ 40, this Court noted the purpose and recounted the scope of small claims court:

> "'( * * * )(T)he goal of small claims court is (* * *) to provide fast and fair adjudication as an alternative to the traditional judicial proceedings. For example, attorneys may appear, but are not required to appear, on behalf of any party in small claims matters. R.C.1925.01(D). [* * *] The hearings are simplified, as neither the Ohio Rules of Evidence nor the Ohio Rules of Civil Procedure apply. See Evid.R. 101(C)(8); Civ.R. 1(C)(4). Thus, by design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged. The process is an alternative to full-blown judicial dispute resolution.' " *Powers v. Gawry,* 11th Dist. No.2009–G–2883, 2009–Ohio5061, at ¶ 12, quoting *Cleveland Bar Ass'n v. Pearlman,* 106 Ohio St.3d 136, 832 N.E.2d 1193, 2005–Ohio–4107, at ¶ 15.

{¶31} Summary judgment was granted in favor of Eagle Ridge in the Geauga County Case, denying compensatory damages for the costs of preparing and bringing a complaint, punitive damages, and determining that because a new election was held for the 2023 term year, Slodov's claims had become moot.

{¶32} In reviewing Slodov's claims filed in the Geauga County Case and comparing them with the claims asserted on the face of Slodov's complaint in the Chardon

9

Municipal Court, it appears that Slodov is attempting to relitigate the same claims and issues regarding the allegations he made in the Geauga County Case.

{¶33} The doctrine of res judicata bars litigants from reasserting claims that have already been litigated. This Court noted in *Black v. Girard*, 11th Dist. No. 2021-T-0061, 207 N.E.3d 131, 2023-Ohio-266, ¶ 14:

> The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava*[v. Parkman Twp.], 73 Ohio St.3d 379, 653 N.E.2d 226, at syllabus.

{¶34} The doctrine of collateral estoppel further bars litigants from asserting issues that directly stem from, and therefore were required to be asserted during a prior action. This Court recently noted in *Morgan v. Natale*, 11th Dist. Trumbull No. 2021-T-0038, 2022-Ohio-1281, ¶ 90:

> Collateral estoppel precludes the litigation in a second action of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. *Davis v. Eachus*, 4th Dist. Pike No. 04CA725, 2004-Ohio-5720, ¶ 26.

{¶35} While Slodov asserts a new cause of action in small claims court, in so much as he refutes the lien placed on his property by Eagle Ridge for the first time, the arguments he uses to support that new claim are the same issues he raised in the Geauga County Case. As mentioned above, Slodov wrote in his contention that the grounds for his dispute of the lien is "that Ohio law 5312.13 was violated multiple times by the defendants, who * * * illegally removed [me] * * * violating bylaws * * *." The grounds that Slodov stated as the basis of his small claims court case were the same issues brought in his Geauga County Case complaint. The remedy that Slodov seeks in small claims

10

court, in Slodov's own words, is for the cost he incurred bringing the Geauga County Case, "Plaintiff sued in Common Pleas Court seeking defendants' removal, costing $6,000."

{¶36} Necessarily, to challenge the lien via the authority of the board members who imposed assessments on Slodov's property during the 2022 term year, Slodov must challenge the validity of the board's election. Slodov had the opportunity to challenge the authority of the board in the Common Pleas Court in the Geauga County Case. It was determined on summary judgment that when new elections were conducted, the issue had become moot as to Slodov's request for injunctive relief. As it stands today, that issue remains moot.

{¶37} It was further decided on summary judgment that the costs to litigate the Geauga County Case that Slodov requested in the form of compensatory damages were not compensatory. Without compensatory damages, punitive damages could not attach. Therefore, at this stage, Slodov's ability to dispute the board's authority as duly elected members ceases to exist, and what residual claim he had for damages has been fully decided and adjudicated.

{¶38} Slodov is attempting to re-litigate the Geauga County Case through his complaint filed in the Chardon Municipal Court Small Claims Division. Res judicata and collateral estoppel bar Slodov from relitigating the same claims and issues that were already adjudicated in the Geauga County Common Pleas Court. The trial court properly dismissed Slodov's complaint.

11

**{¶39}** Slodov further contends, in his third issue raised in his first and second assignments of error, that he relied on Ott & Associates' representation that the collection attempt was a separate claim from the Geauga County Case.

**{¶40}** R.C. Section 5312.12 grants authority to an Ohio Planned Community to impose a lien upon property owners who do not pay assessment fees. By function of Slodov owning a lot within the Eagle Ridge community, he was subject to assessments by the association, and subject to the duties of paying those assessment fees, independent of his dispute with the board members.

**{¶41}** As previously stated, for Slodov to argue that the board members had no authority to collect assessment fees from him on behalf of the association *because* of their illegal status as board members, is to make an argument entirely based on conduct occurring in the November 2021 board election. To make this assertion now, Slodov must raise the same issues that were already resolved in the Geauga County Case. Had Slodov wanted to argue the validity of the fees and the lien predicated on the theory that the board members lacked authority, he was under obligation to do so in his original action filed with the Geauga County Common Pleas Court. Accordingly, this action is also barred.

**{¶42}** Slodov's fourth issue in his first assignment of error, is that Eagle Ridge raised new affirmative defenses during the hearing held on May 25, 2023.

**{¶43}** There is no obligation in small claims court to raise affirmative defenses. As mentioned in *Carson*, *2*010-Ohio-4199, above, traditional rules of Civil Procedure do not apply.

12

Case No. 2023-G-0021

**{¶44}** For the above stated reasons, Slodov's first and second assignments of error are without merit.

### Third Assignment of Error

**{¶45}** Appellant's third assignment of error states: "The trial court committed prejudicial error in allowing the defendants-appellees' second law firm, Gallagher Sharp, to argue at the hearing when Mr. Greer had failed to file a written notice of appearance as counsel, had not been named as collection agent by Eagle Ridge Corp, had not filed the counter-claim, and had treated the collection matter as entirely separate from case 22P000052 since January 2022 and when defendants-appellees had directed their first law firm, Ott & Associates, to work on collections separately during 2022 and 2023."

**{¶46}** Slodov's third assignment of error raises the following issues:

(1) That the trial court committed error in allowing Gallagher Sharp to argue at the May 25, 2023, hearing when they failed to file a notice of appearance; and

(2) Slodov disputes that Gallagher Sharp was not the attorney hired to collect from Slodov, and that Ott & Associates' should have instead represented Eagle Ridge; and Slodov further argues that

(3) The collection attempt is separate from the Geauga County Case.

**{¶47}** Eagle Ridge was under no obligation to use Ott & Associates' as their counsel in small claims court. Parties are free to choose their own counsel, or represent themselves pro se, at their own discretion.

**{¶48}** As mentioned above, this Court noted in *Carson*, that small claims court is a unique forum intended to expedite small claims. Attorneys may appear, but are not

13

required to appear, on behalf of parties in small claims court. While Chardon Municipal Court's Local Rule 12 does require a written, filed, notice of appearance of counsel, Ohio courts have held that a failure to file a notice of appearance is not reversible error where it does not prejudice the appellant. *See Bank of Am., N.A. v. Singh*, 12th Dist. No. CA2012-07-146, 2013-Ohio-1305, ¶ 10.

{¶49} Here, there is no indication that the trial court's acceptance of Eagle Ridge's counsel, without a formal notice of appearance, prejudiced the outcome of Slodov's case. Slodov's third assignment of error, is without merit.

{¶50} For these reasons, we affirm the decision of the Chardon Municipal Court.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.