[Cite as *Passwaters v. Novaria*, 2025-Ohio-1533.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| JESSIE PASSWATERS, ET AL | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Robert G. Montgomery, J. |
| Plaintiffs-Appellees | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2025-0004 |
| JAYTEE NOVARIA, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court of Common Pleas, Case No.CH2024-0148

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: April 30, 2025

APPEARANCES:

For Plaintiffs-Appellees

DERRICK MOOREHEAD
58 N. Fifth St.
Zanesville, OH 43701

For Defendants-Appellants

BRADLEY N.JECKERING
1042 Dublin Road, Ste. A
Columbus, OH 43215

*Popham, J.,*

**{¶1}** Appellants, Jaytee Novaria and Christina Novaria ("Novaria"), appeal the December 19, 2024 decision of the Muskingum County Court of Common Pleas granting partial summary judgment in favor of Appellees, Jesse and Mandi Passwaters ("Passwaters"). For the reasons set forth below, we dismiss the appeal for lack of a final appealable order.

*Facts and Procedural History*

**{¶2}** Passwaters owns property in Muskingum County, Ohio, which they acquired via deed dated December 28, 2017, and recorded January 18, 2018. At the time of their purchase, the grantor also owned what is now Novaria's adjacent property.

**{¶3}** When Passwaters purchased the property, their Deed included the grant of an easement for ingress and egress to their property. Specifically,

> Also, grantor hereby further grants, bargains, sells and conveys to the grantees herein, their heirs and assigns forever, an exclusive twenty-five (25) foot wide easement for ingress and egress between the above-described 29.90-acre tract and Meadow Farm Church Road. This easement is more particularly described as an exception in Exhibit A-1 attached hereto. A plat of said easement is included on Exhibit B attached hereto. This easement shall remain an appurtenant right of the above-described 29.90 acre tract and shall be for the benefit of the grantees herein, their heirs, successors, assigns, agents, employees, tenants, visitors, licensees and all persons using the same for the benefit of any of the [sic.] them to freely pass and repass on foot or with vehicles for all lawful

purposes incident or proper to the enjoyment of the above-describer 29.90

acre tract.

*See Complaint*, filed March 25, 2024 at Exhibit A. ("Easement") (Docket Entry Number 1).

**{¶4}** Novaria acquired their adjacent parcel via deed dated July 14, 2023, and recorded July 19, 2023. Their deed includes the easement as a result of its appurtenant nature.

**{¶5}** On March 25, 2024, Passwaters filed a complaint alleging that Novaria erected a fence obstructing the easement, accessed a structure on their property via the easement, and parked vehicles within it. Passwaters alleged trespass and interference with their property rights and sought declaratory and injunctive relief, and money damages.

**{¶6}** Novaria responded with counterclaims on September 12, 2024, alleging that Passwaters overburdened the easement and engaged in trespass. They requested declaratory judgment and damages.

**{¶7}** On August 30, 2024, Passwaters moved for partial summary judgment. On December 19, 2024, the trial judge granted the motion, ordered Novaria to remove the fence, and permanently enjoined them from obstructing or using the easement.

**{¶8}** On January 17, 2025, Novaria filed a notice of appeal. (Docket Entry Number 39). Novaria filed a motion to stay the enforcement of the judge's decision, which the judge granted on January 21, 2025. (Docket Entry Number 40; 41). Also on that date, Novaria filed a motion in the trial court to certify the judge's order granting partial

summary judgment as a final appealable order. (Docket Entry Number 42). The judge has not ruled on that motion.

*Assignments of Error*

{¶9}   Novaria raises two assignments of error,

{¶10}  "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES PARTIAL SUMMARY JUDGMENT WHEN DISCOVERY IS STILL ONGOING AND GENUINE ISSUES OF MATERIAL FACT REMAIN REGARDING APPELLANTS' ALLEGATIONS OF APPELLEES' ABUSE AND ENLARGEMENT OF THE SUBJECT EASEMENT, AND APPELLANTS' CLAIMS FOR TRESPASS AGAINST APPELLEES AS ALLEGED IN APPELLANTS' COUNTERCLAIM.

{¶11}  "II.  THE TRIAL COURT ERRED AS A MATTER OF LAW THAT THE APPELLEES' EASEMENT EXCLUDED THE APPELLANTS FROM THE EASEMENT FOR ALL PURPOSES."

*Jurisdiction of the Court of Appeals*

{¶12}  Appellate courts have jurisdiction to review only final orders. Ohio Const., art. IV, § 3(B)(2). A threshold question in any appeal is whether the trial court's order is final and appealable. If it is not, the appeal must be dismissed. *General Acc. Ins. Co. v. Ins. Co. of North America*, 44 Ohio St.3d 17, 20 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997). Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *Id.*

*Final Appealable Order – R.C. 2505.02(B)*

{¶13}  R.C. 2505.02(B) begins as follows:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

…

See *State ex rel. Diewald v. Bureau of Sentence Computation*, 2024-Ohio-5567, ¶ 6. Unless another statute specifically creates a right of appeal, an order must meet the requirements of R.C. 2505.02 to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 88 (1989).

{¶14} A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order. *General Acc. Ins. Co. v. Insurance Co. of North America*, 44 Ohio St.3d at 22.

*Substantial Right*

{¶15} A "substantial right" is one "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1); *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) *modified in part on other grounds, Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638, 635 (1994), paragraph four of the syllabus, as stated in Kemper Securities, Inc. v. Schultz, 111 Ohio App.3d 621, 624 (10th Dist. 1996).*

**{¶16}** An order affects a substantial right only if immediate appeal is necessary to protect that right effectively. *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 16.

**{¶17}** Here, the trial judge's December 19, 2024 decision resolved Passwaters' claims for declaratory and injunctive relief but did not resolve Novaria's counterclaims or resolve the issue of damages with respect to Passwaters' or Novaria's claims. Further, the judge granted a stay from enforcement of the judgment.

**{¶18}** An immediate appeal is not necessary to effectively protect Novaria's rights. Due to the unresolved counterclaims, damages, and the stay that the judge has issued, we find that the court's order does not affect a substantial right under R.C. 2505.02(B)(1) or (B)(2) because an effective remedy remains available through appeal following final judgment.

*Multiple Claims or parties – Civil Rule 54(B)*

**{¶19}** Where multiple claims or parties are involved, a court's order must also meet Civ.R. 54(B)'s requirements to be final and appealable. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

**{¶20}** Civ.R. 54(B) states that a judgment that does not dispose of all claims is not final unless it includes express language stating "there is no just reason for delay." *Noble v. Colwell,* 44 Ohio St.3d 92, 95 (1989).

**{¶21}** Here, the trial court's decision does not dispose of Novaria's counterclaims, or the issue of damages, and lacks the mandatory Civ.R. 54(B) certification. Consequently, the order is not final and appealable. *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 6.

*Conclusion*

**{¶22}** Because the trial court's December 19, 2024 decision does not resolve all claims and lacks Civ.R. 54(B) language, it is not a final appealable order. Accordingly, this Court lacks jurisdiction and must dismiss the appeal.

**{¶23}** This appeal from the judgment of the Court of Common Pleas, Muskingum County, Ohio, is dismissed.

By Popham, J.,

Hoffman, P.J., and

Montgomery, J., concur