[Cite as *Bentz v. Park Natl. Corp.*, 2025-Ohio-5380.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MEGHAN BENTZ, et al., | Case No. 25 CA 00052 |
| Plaintiff - Appellants | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 24 CV 1059 |
| PARK NATIONAL CORPORATION, et al., | Judgment: Dismissed |
| Defendant - Appellees | Date of Judgment Entry: November 26, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** CHARLEY HESS, for Plaintiff-Appellants; CLINTON BAILEY, for Defendant-Appellees.

*Baldwin, P.J.*

**{¶1}** The appellants, Meghan Bentz, Jason Bentz, and Pizzaburg Mount Gilead, LLC, appeal the decision of the trial court granting the Motion for Summary Judgment filed by appellees Park National Corporation and The Park National Bank, NA ("Park.")

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** Appellant Meghan Bentz is the sole member of appellant Pizzaburg Mount Gilead, LLC ("Pizzaburg.") Appellant Pizzaburg maintains a business account with appellees Park. Both appellants Meghan Bentz and Jason Bentz were designated as

authorized users on the Pizzaburg business account, and both had debit cards for the business account.[1]

**{¶3}**   On or about January 16, 2023, appellant Jason Bentz flew to Orlando, Florida to meet his wife, appellant Meghan Bentz, for a personal vacation, and rented a vehicle from Zezgo Orlando, LLC using the Pizzaburg business account debit card. Zezgo, while a party to the action below, is not a party to this appeal.

**{¶4}**   Appellant Jason Bentz was involved in a motor vehicle collision with the rental vehicle in which he crashed the front end of the rental into the right rear end of another vehicle. Bentz was cited for the collision. The rental vehicle was still operable, and Bentz continued to drive it during his stay in Florida. On January 18, 2023, Bentz dropped the vehicle off at the airport at approximately 7:00 a.m. and flew home to Ohio. Later the same day, Bentz noticed a $10,000.00 charge from Zezgo on appellant Pizzaburg's bank account. He contacted appellees Park and advised that the $10,000.00 charge was unauthorized. The appellees provisionally reversed the charge pending an investigation.

**{¶5}**   On or about March 23, 2023, the appellees notified the appellants that the investigation into the $10,000.00 charge had concluded. It was determined that the charge was authorized by virtue of the rental agreement that appellant Jason Bentz had entered into with Zezgo; and, that the $10,000.00 credit would be reversed in five business days.

---

[1] The appellants submit that because they used the Pizzaburg business account for both personal purchases as well as business purchases, it was a personal account and not a business account. However, the record is clear that the account was held in the name of Pizzaburg Mt. Gilead, LLC, an Ohio limited liability company.

{¶6} On August 16, 2024, the appellants filed a Complaint against appellees Park, as well as Zezgo. Count I of the Complaint set forth a claim against appellees Park for violation of the Electronic Funds Transfer Act ("EFTA"); Count II set forth a claim against appellees Park for Breach of Contract for allowing "the EFT to be paid from the Account despite a $3,000 limit on any one charge using the Debit Card;" and, Count III set forth a claim against Zezgo for Intentional Misconduct and Theft by Deception. The Complaint sought damages against appellees Park and Zezgo jointly and severally in an amount in excess of $25,000.00. Service of the Summons and Complaint was perfected. The appellees filed an Answer on August 29, 2024. On December 23, 2024, the appellants obtained a Default Judgment against Zezgo on liability only, with damages to be determined following a hearing "at the conclusion of the case."

{¶7} On April 30, 2025, the appellees filed a Motion for Summary Judgment in which they argued that there were no genuine issues of material fact with regard to the appellants' EFTA claim or their breach of contract claim, and as such appellees were entitled to judgment as a matter of law. Specifically, appellees Park argued the appellants failed to file their EFTA claim within the Act's one year statute of limitations; that "consumer" as defined by the Act included individuals only, and not businesses such as appellant Pizzaburg; and, as result the EFTA did not apply. The appellees argued further that the contract between the appellants and appellees "simply does not say what the [appellants] say it does," and that there was no $3,000.00 limit on debit card transactions on the subject account. The appellees' Motion for Summary Judgment was supported by the deposition testimony of Jason Bentz; the Affidavit of Tina Mox, corporate compliance officer at appellee Park National Bank, to which a true and accurate copy of the banking

account terms and conditions was attached; as well as the car rental agreement from Zezgo and other documents. On May 28, 2025, the appellants filed a Memorandum in Opposition to which they attached the Affidavit of Jason Bentz. The appellees filed a Reply Brief on June 4, 2025.

{¶8} On June 17, 2025, the trial court issued a short and succinct Judgment Entry in which it held:

This matter came before the Court this 16th day of June, 2025, pursuant to defendants' Motion for Summary Judgment filed April 30, 2025, a memorandum filed on behalf of plaintiffs filed May 28, 2025, as well as a reply brief filed on behalf of defendants on June 4, 2025.

The Court has reviewed the written memoranda, as well as the affidavits attached thereto.

The Court finds that plaintiffs' claims are barred by the Electronic Funds Transfer Act, statute of limitations set out under Title 15 United States Code, Section 1693m (g), limiting actions which can be brought to those within one year from the date of the occurrence of the violation. Plaintiffs allege their injury occurred on March 23, 2023, and filed suit on August 16, 2024. The Court further finds there was no tolling of time for the statute of limitations during the pendency of the claim.

The Court also finds the Electronic Funds Transfer Act is not applicable to the underlying transaction as the Electronic Funds Transfer Act applies only to consumer accounts, and the account at issue into which

the $10,000 credit was made and denied was the business banking account belonging to Pizzaburg Mt. Gilead, LLC, an Ohio Limited Liability Company.

The Court therefore finds that there is no genuine issue of material fact, and that the defendants are entitled to judgement as a matter of law. It is so ORDERED. Defendants' Motion for Summary Judgment is GRANTED.

This is a final an [sic] appealable order.

The Clerk of Courts is hereby ORDERED to serve a copy of the Judgment Entry upon all parties or counsel of record.

Although the trial court's Judgment Entry references the "plaintiffs' claims" at paragraph three, it addresses only the EFTA claims. It does not address the appellants' breach of contract claim in its June 17, 2025, Judgment Entry. Nor does the Judgment Entry contain the phrase "there is no just reason for delay."

{¶9} The appellants filed a timely appeal in which they set forth the following two assignments of error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY JUNE 17, 2025, WHEREIN IT GRANTED THE MOTION OF APPELLEE, PARK, FOR SUMMARY JUDGMENT WITHOUT ADDRESSING COUNT II OF THE COMPLAINT, BREACH OF CONTRACT."

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY JUNE 17, 2025, WHEREIN IT GRANTED THE MOTION OF APPELLEE, PARK, FOR SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT, VIOLATION OF THE EFTA."

## FINAL APPEALABLE ORDER ANALYSIS

{¶12} Appellate courts have jurisdiction to review only final orders. Ohio Const., art. IV, § 3(B)(2). Thus, the initial question in any appellate analysis is whether the trial court's order is final and appealable. If the trial court's order is not final and appealable, the appeal must be dismissed. *General Acc. Ins. Co. v. Ins. Co. of North America*, 44 Ohio St.3d 17, 20 (1989). "Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *Id.*" *Passwaters v. Novaria*, 2025-Ohio-1533, ¶ 12 (5th Dist.). Accordingly, we must first determine whether the trial court's June 17, 2025, Judgment Entry is a final, appealable order capable of invoking this Court's jurisdiction.

{¶13} In order to determine whether the Court has jurisdiction to review the merits of this case, we must determine whether the requirements of R.C. § 2505.02 and Civ.R. 54(B) have been satisfied. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). R.C. 2505.02 addresses final orders, and states in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a)     The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)     The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5)     An order that determines that an action may or may not be maintained as a class action;

(6)     An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7)     An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8)     An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs;

(9)     An order that denies a motion for expedited relief pursuant to section 2747.04 of the Revised Code.

**{¶14}** In addition, when multiple claims or parties are involved, a trial court's order must also meet Civ.R. 54(B)'s requirements in order to be final and appealable. *Chef Italiano* at 88.  Civ.R. 54(B) states:

**(B) Judgment Upon Multiple Claims or Involving Multiple Parties.**

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, according to Civ.R. 54(B), a judgment that does not dispose of all claims in an action where more than one claim for relief is presented is not final unless it includes express language stating "there is no just reason for delay."

**{¶15}** In the case sub judice, the trial court's June 17, 2025, Judgment Entry does not address or dispose of the appellants' breach of contract claim, and lacks the mandatory Civ.R. 54(B) "no just reason for delay" language."[2] Consequently, the Judgment Entry is not a final and appealable order.

## CONCLUSION

**{¶16}** The trial court's June 17, 2025, Judgment Entry does not resolve the appellants' breach of contract claim, and lacks the requisite Civ.R. 54(B) language. Therefore, it is not a final appealable order. As such, this Court lacks jurisdiction in this matter, and must therefore dismiss the appeal. Accordingly, the appellants' appeal from the judgment of Licking County Court of Common Pleas is hereby dismissed for want of a final appealable order.

**{¶17}** Costs to appellants.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.

---

[2] In addition, the June 17, 2025, Judgment Entry does not address the amount of damages to be awarded against Zezgo following the entry of default judgment against it.