[Cite as *Eagle Ridge Subdivision, Inc. v. Ott & Assocs. Co., L.P.A.*, 2026-Ohio-256.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

EAGLE RIDGE
SUBDIVISION INC., ET AL.,                    :

     Plaintiffs-Appellants,                    :

     v.                                                            :

OTT & ASSOCIATES CO., LPA,               :

     Defendant-Appellee.                    :

No. 114907

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 29, 2026

---

Civil Appeal from the Cleveland Municipal Court
Case No. 2024-CVI-007589

---

*Appearances:*

Leonard Slodov, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Leonard H. Slodov ("Slodov"), pro se, appeals a judgment of the Cleveland Municipal Court dismissing his complaint for legal malpractice against defendant-appellee, Ott & Associates Co., LPA ("Ott & Associates"). He brings this appeal on behalf of himself and Eagle Ridge Subdivision Property Owner's Association ("Eagle Ridge" or "the association"). In his two

assignments of error, he claims (1) the trial court erred in adopting the magistrate's decision recommending dismissal of his complaint, and (2) the trial court erred in finding that he failed to prove his legal-malpractice claim by a preponderance of the evidence.

{¶ 2} We affirm the trial court's judgment. After reviewing the record, we find that Slodov, who is not an attorney, cannot represent the association. And because there is no evidence of an attorney-client relationship between Slodov and Ott & Associates, the trial court properly concluded that Slodov failed to prove his claims by a preponderance of the evidence.

## I. Facts and Procedural History

{¶ 3} Slodov owns a home in Novelty, Ohio, and is a member of Eagle Ridge, a nonprofit homeowner's association composed of 25 single-family homes. In 2010, Slodov was elected treasurer of the association. Around the same time Slodov was elected treasurer, the association hired Ott & Associates to serve as the association's legal counsel. Ott & Associates has remained Eagle Ridge's legal advisor since that time. Slodov served on the association's board of trustees in various capacities for the next 12 years until a group of members allegedly removed him from the board in 2021 in violation of the association's bylaws. In 2021, new members were elected to the board of trustees and Slodov was not reelected.

{¶ 4} In 2022, Ott & Associates took action against Slodov to collect monies owed to the association. The association, through Ott & Associates, filed a lien on Slodov's home and a foreclosure complaint against Slodov in the Geauga County

Court of Common Pleas. The lien was signed by the same members of the association who had sought to remove Slodov from the board of trustees. As a result of these actions, Slodov filed a complaint in the Chardon Municipal Court seeking an injunction to remove the lien on his house and for money damages. He also filed a complaint for money damages against Eagle Ridge and three individual members of the board of trustees in the Geauga County Court of Common Pleas, alleging that he was illegally removed from the board of trustees in violation of the association's bylaws.

{¶ 5} In April 2023, the Geauga County Court of Common Pleas dismissed Slodov's complaint against Eagle Ridge and the individually named trustees. In June 2023, the Chardon Municipal Court dismissed Slodov's complaint as barred by collateral estoppel. (Complaint ¶ 37.) Slodov appealed both decisions, and both decisions were affirmed on appeal. *See Slodov v. Eagle Ridge Subdivision Property Owners Assn.*, 2024-Ohio-143 (11th Dist.) and *Slodov v. Eagle Ridge Subdivision Property Owner's Assn.*, 2023-Ohio-3688 (11th Dist.).

{¶ 6} In June 2024, Slodov, on behalf of himself and Eagle Ridge, filed a complaint in the Cleveland Municipal Court against Ott & Associates, asserting a single claim for legal malpractice. (Complaint ¶ 20-26.) The complaint alleged that Ott & Associates committed malpractice by failing to call a meeting, failing to listen to testimony, and failing to mediate Slodov's dispute with the members who had allegedly sought his removal in violation of the association's bylaws. (Complaint ¶ 27-32.) The complaint also alleged that Ott & Associates committed legal

malpractice by instituting collection efforts against Slodov for his alleged failure to pay association dues. Slodov alleged the collection action was taken for purposes of "retaliation and or a form of harassment." (Complaint ¶ 27.)

{¶ 7} Following a small-claims hearing, a magistrate issued a two-sentence decision dated August 19, 2024, finding that Slodov failed to prove authority to bring the action on behalf of Eagle Ridge. The trial court approved the magistrate's decision the same day. These decisions addressed the claims brought by Slodov on behalf of Eagle Ridge but they did not address Slodov's personal claims against Ott & Associates. Thus, although the judgment entry referred generally to dismissal of the case, Slodov's individual claim for malpractice remained pending.

{¶ 8} On September 4, 2024, Slodov filed objections to the magistrate's decision. On December 4, 2024, a magistrate issued a decision converting Slodov's objections to a motion to vacate the August 19, 2024 judgment entry and granted the motion. Thereafter, on January 28, 2025, the magistrate issued another decision. This time, the magistrate found that not only did Slodov fail to prove that he had authority to bring the action on behalf of Eagle Ridge, but he also failed to prove the existence of an attorney-client relationship between himself and Ott & Associates. The trial court approved the magistrate's decision, found that Slodov "failed to prove his claims by preponderance of the evidence," and dismissed the complaint in its entirety. (Jan. 28, 2025 Judgment Entry.) Slodov now appeals the trial court's judgment.

## II. Law and Analysis

### A. Res Judicata

{¶ 9} In the first assignment of error, Slodov argues the trial court's January 28, 2025 judgment dismissing the case was barred by res judicata because it had previously dismissed the malpractice claim brought on behalf of Eagle Ridge for lack of standing but subsequently vacated that judgment. He contends the magistrate's decision vacating the dismissal barred any future dismissal of the legal-malpractice claim.

{¶ 10} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Thus, for the doctrine to apply, the issues must have been determined by a final, appealable order. *State v. Williams*, 76 Ohio St.3d 290, 294 (1996). Interlocutory orders are not final, and courts have discretion to modify them at any time. *O'Malley v. O'Malley*, 2013-Ohio-5238, ¶ 21 (8th Dist.).

{¶ 11} The magistrate's decision vacating the August 19, 2024 judgment entry was not a final, appealable order. To constitute a final, appealable order, the court's judgment must resolve all claims. *Passwaters v. Novaria*, 2025-Ohio-1533 (5th Dist.) (dismissing appeal for lack of a final, appealable order where the trial court's judgment did not resolve all claims). The magistrate's decision vacating the August 19, 2024 judgment entry was not a final, appealable order because it

resurrected Eagle Ridge's claim against Ott & Associates and Slodov's individual claim against Ott & Associates also remained pending. Without a final, appealable order, the doctrine of res judicata does not apply.

{¶ 12} The first assignment of error is overruled.

## B. Legal Malpractice

{¶ 13} In the second assignment of error, Slodov argues the trial court erred in finding that he failed to prove his legal-malpractice claims by a preponderance of the evidence.

{¶ 14} In his January 28, 2025 decision, the magistrate found that Slodov, who is not a lawyer, lacked authority to bring a legal-malpractice claim on behalf of Eagle Ridge, a corporation. It also found that Slodov failed to prove his personal claim for legal malpractice by a preponderance of the evidence. The trial court adopted the magistrate's decision and dismissed the claims of both Slodov and Eagle Ridge.

{¶ 15} It is well-established that while an individual who is not an attorney may represent his own interests in court, he may not represent the interests of a corporation. *Arnoff v. PAJ Ents., L.L.C.*, 2022-Ohio-1759, ¶ 22 (8th Dist.), citing *Mun. Realty Corp. v. Erqur*, 2014-Ohio-1557, ¶ 7 (6th Dist.) (An Ohio corporation must be represented by an attorney and cannot be represented by any nonattorney officer.). Therefore, the trial court properly dismissed Eagle Ridge's legal-malpractice claim against Ott & Associates because it was brought by a nonattorney.

{¶ 16} For Slodov to prevail on his individual claim for legal malpractice, he would have to establish the existence of an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by that breach. *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 43 (2011), citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 105 (1989). If the plaintiff fails to establish any one of these elements, the plaintiff's claim fails and the defendant is entitled to judgment in his or her favor. *Shoemaker v. Gindlesberger*, 2008-Ohio-2012, ¶ 8 ("If a plaintiff fails to establish a genuine issue of material fact as to any of the elements, the defendant is entitled to summary judgment on a legal-malpractice claim.").

{¶ 17} There is no evidence in the record establishing an attorney-client relationship between Slodov, individually, and Ott & Associates. Even the complaint does not allege the existence of an attorney-client relationship between Slodov and Ott & Associates. Slodov may have retained Ott & Associates on behalf of Eagle Ridge when he was a member of the board of trustees, but that attorney-client relationship was between Eagle Ridge and Ott & Associates. Slodov was not a party to that agreement. In the absence of an attorney-client relationship, Slodov could not establish a personal claim for legal malpractice and the trial court properly dismissed the claim for lack of evidence.

{¶ 18} Therefore, the second assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellant to pay costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MARY J. BOYLE, J., CONCUR